UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON, WEST VIRGINIA

FILED
JAN -6 2011
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA,
    Plaintiff,

v                                       Case No 2:10-cv-01087

$88,029.08, more or less
in United States currency,
    Defendant.

Katherine Anne Hoover and
John F. Tomasic,
interested parties.
Jurisdictional dispute.

LACK OF DOCUMENTATION TO SUPPORT SUBJECT MATTER JURISDICTIONS

    NOW COME John F. Tomasic and Katherine A. Hoover pro se:

1. Seizure of property under maritime law:
   a. The United States attorney has failed to produce a contract placing John F. Tomasic and Katherine A. Hoover under consensual Admirality and Maritime law. Without a valid consensual contractural agreement, the Court has no subject matter. Without subject matter, there is no subject matter jurisdiction or claim.
   b. The United States attorney failed to produce a valid consensual contract entered with Mr. Tomasic or Dr. Hoover.

2. The United States attorney cannot establish that the property that was seized is capable of being a vessel capable of navigating the high seas or international waters.

3. Seizing property under Admiralty law was done with dirty hands.

   a. "When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost." Rankin v. Howard 633 F.2d 844 (1980) cert. den.
   b. "We (judges) have no more right to decline the exercise of jurisdiction which is given than to usurp that which is not given. The one or the other

would be treason to the Constitution." Cohen v. Virginia 6 Wheat 264 (1821).

c. The United States attorney, Ms. Betty Pullin, failed to provide the true reason for seizure under the Maritime and Admiralty Act. The true nature was to provide jurisdiction under the Admiralty Act. Ms. Pullin's claim on the bank account WesBanco xxxx7905 and currency is to pay back money to the United States. When under Rule G (4)(b), Notice to Known Potential Claimants: a petitioner establishes jurisdiction even if it is a fraudulent claim until that claim is resolved.

d. The fraudulent nature of this deception should require that this entire proceeding be dismissed.

e. The United States attorney, Betty Pullin, fraudulently mislead Dr. Diane Shafer to believe that the $2905.00 was unclaimed and that Dr. Shafer was entitled to claim this money. Dr. Shafer stated to both Dr. Hoover and Mr. Tomasic that Ms. Pullin stated that Dr. Shafer had a right to this money. Dr. Shafer stated that it is her intent to withdraw the affidavit because she knows that the money legally belongs to Dr. Hoover. The claim was sought merely to obtain jurisdiction in Court to resolve this fabricated "dispute". This constitutes fraud on the Court and fraud on Dr. Shafer by Ms. Pullin.

4. 4.Conspiracy to defraud Katherine A. Hoover and John F. Tomasic of their Due Process rights under the United States Constitution and Treaty Law.

a. Ms. Pullin failed to respond to the claims made by Dr. Hoover and Mr. Tomasic in the verified responses that were filed. Judge Copenhaver answered, in part on jurisdiction, then ruled on his response. This violated the separation of powers clause of the constitution. Gonzales v. Raich deals with growing marijuana, not the practice of medicine and does not give jurisdiction to the United States attorney or the court. The United States Attorney lacks jurisdiction to seize the money and lacks any jurisdiction over the money since it does not represent payment from the practice at 35 West Third Ave. Williamson, West Virginia to Dr. Hoover.

b. Under the Single Convention and the Vienna Convention protocols the prescribing authority lies only with the physician in schedules II, III, and IV. In this case, these are the only schedules at issue. In the ratification and signing phase of the Vienna Convention, the United States raised no issues of contention and passed appropriate legislation in order to accede to the Convention. This was duly signed by both the President and Secretary of State. For the Court and Ms. Pullin to presume to have jurisdiction over the practice of medicine is treason against the United States Constitution since it violates treaty law which is superior to the Constitution.

c. Congress intended to include the Federal Courts and the United States attorneys in the jurisdictional requirements of Jus Cogens. The statutory scheme as outlined in Title 21 USC 801 (a) (3)(C) gives jurisdiction over prescriptions where is belongs: with the doctor and the medical and scientific community. The prescriptions were all written in good faith and filed by the pharmacists as written for a legitimate medical purpose.

## INNOCENT MONEY

1. Dr. Hoover and Mr. Tomasic have established that the money in question is not proceeds from the legitimate practice of medicine at 35 West Third Ave. Williamson, West Virginia. The bank account from WesBanco xxxx7905 was the proceeds of the lawsuit filed against the Jail Authority and North Central Regional Jail for the wrongful death of our son Michael D. Tomasic. Michael was illegally arrested on September 29, 2005 and taken to jail. He was tortured by the guards and left in a freezing cold cell and went into a hypothermic coma. Michael Tomasic died after seven days on life support, October 7, 2005. Mr. Tomasic and Dr. Hoover survived a poisoning done during Mr. Tomasic's deposition on July 18, 2008. The law suit was settled in August 2009. The entire amount of $191,775.75 payable to John F. Tomasic was deposited in WesBanco xxxx7905 on August 14, 2009. (Exhibit A). These funds belong to John Tomasic and were taken without jurisdiction. This information is in the verified response filed by Mr. Tomasic on November 1, 2010.
2. The money taken from Dr. Hoover's bedroom at 110 West Second Ave. Williamson, West Virginia was mainly from the estate of William Hoover, Dr. Hoover's uncle. Dr. Hoover and Mr. Tomasic took the check written on First United Bank of Fort Lauderdale, Florida for $40,844.91 and converted the check into a cashier's check for $37,844.91 and $3,000.00 in cash. This cash was in a bank envelope from First United Bank of Fort Lauderdale, Florida at 110 West Second Ave. Williamson, West Virginia.

To summarize: The court lacks subject matter jurisdiction over the practice of medicine and the money seized. The In rem action has been filed on a fraudulent basis. The judges involved have demonstrated bias by claiming jurisdiction when they do not have it. None of this money was in exchange for a prescription for a controlled substance.

WHEREFORE the United States attorney has no claim on $88,029,08 and this action is without merit or subject matter jurisdiction.

Respectfully submitted,

UCC 1-207

*John F. Tomasic*
John F. Tomasic

UCC-1-207

*Katherine A. Hoover*
Katherine A. Hoover

c/o Dr. Norman Gay
West Bay Street
N-3222
Nassau, N.P., Bahamas
242-525-4018

## VERIFICATION

I, John F. Tomasic, declare under penalty of perjury as provided in 28 USC S 1746 that the foregoing response is true and correct to the best of my knowledge except where it is stated that it is upon information and belief, in which case, I believe it to be true.

Executed on January 4, 2010.

UCC 1-207

*John F. Tomasic*

John F. Tomasic
c/o Dr. Norman Gay
West Bay Street
N-3222
Nassau, N.P., Bahamas
242-525-4018

## VERIFICATION

I, Katherine A. Hoover, declare under penalty of perjury as provided in 28 USC S 1746 that the foregoing response is true and correct to the best of my knowledge, except where it is stated that it is upon information and belief, in which case, I believe it to be true.

Executed on January 4, 2011

UCC 1-207

*Katherine A. Hoover*

Katherine A. Hoover
c/o Dr. Norman Gay
West Bay Street
Nassau, N.P., Bahamas
242-525-4018