```
            UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF WEST VIRGINIA
                          CHARLESTON
```

**UNITED STATES OF AMERICA,**

               **Plaintiff,**

v.                                             CIVIL ACTION NO. 2:10-1087

**$88,029.08, MORE OR LESS,**
**IN UNITED STATES CURRENCY,**

               **Defendant.**

(Katherine Anne Hoover, and
 John F. Tomasic;
 No pending federal criminal charges)

### UNITED STATES RESPONSE TO
### "LACK OF DOCUMENTATION TO SUPPORT SUBJECT MATTER JURISDICTION"

    Comes now the United States of America, by counsel, Betty A. Pullin, Assistant United States Attorney for the Southern District of West Virginia, and responds in opposition to the "Lack of Documentation to Support Subject Matter Jurisdiction" (Docket #29) as follows:

    1.  Ms. Hoover and Mr. Tomasic allege under paragraph 1 of their motion that the United States is required to prove the existence of and to produce a copy of a contract placing them under "consensual Admiralty and Maritime law" and further alleging that without such proof, there is no subject matter jurisdiction over this action.

Response: This forfeiture proceeding was brought pursuant to 18 U.S.C. § 983 (General Rules for Civil Forfeiture Proceedings) to enforce the provisions of 21 U.S.C. § 881(a)(6) (Forfeiture provisions for controlled substance violations). Both statutory provisions incorporate Customs laws, rules and regulations involving in rem proceedings, that is, proceedings against "property." 21 U.S.C. § 881(d) incorporates into the drug forfeiture provisions the customs laws relating to, inter alia, the seizure, summary and judicial forfeiture, and condemnation of property for violation of the Controlled Substances Act. 18 U.S.C. § 983(a)(3)(A) and (a)(4)(A) clearly designate the Supplemental Rules for Admiralty and Maritime Claims[1] as the procedures under which the United States is to file its forfeiture complaint and under which any potential claimants are to file their claims and answers. Accordingly, Congress has authorized these types of proceedings to be brought pursuant to Admiralty and Maritime Rules and procedures typically used to enforce the Customs laws, and there is no requirement that the United States prove the existence of any contract or consent by any potential parties to such. Subject matter jurisdiction over this action exists with the court

---

[1] The "Supplemental Rules for Certain Admiralty and Maritime Claims" were renamed the "Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions," effective December 1, 2006.

pursuant to 28 U.S.C. §§ 1345, 1355, and any allegation by Ms. Hoover and Mr. Tomasic to the contrary should be denied.

2. Ms. Hoover and Mr. Tomasic allege in their paragraph 2 that the United States is required to establish that the seized property is a "vessel capable of navigating the high seas or international waters."

Response: They appear to be under the mistaken impression that because the Admiralty Rules and Maritime laws are applicable to these proceedings, then the property being forfeited must be a vessel. The United States incorporates herein its response set forth in paragraph 1 above. The Admiralty and Maritime rules are applicable to this proceeding because it is an action in rem, that is, against property. 21 U.S.C. § 881(a) identifies the various types of property that can forfeited for controlled substance violations, and "moneys, negotiable instruments, securities, or other things of value ..." including "...all proceeds traceable to [an exchange for a controlled substance]" are clearly identified as property that may be forfeited under 21 U.S.C. § 881(a)(6). The property subject to forfeiture does not have to be a "vessel capable of navigating the high seas or international waters." Accordingly, this basis for alleging that the court lacks subject matter jurisdiction should be denied.

3. Ms. Hoover and Mr. Tomasic allege in paragraph 3 of their response that the Court and the undersigned counsel for the United

States committed treasonous or fraudulent acts to acquire Admiralty jurisdiction over the seized currency.

Response: The district court and the magistrate judge in this case clearly have subject matter jurisdiction as previously stated in this response and have acted appropriately in exercising that jurisdiction in this matter.

With regard to the allegations against government counsel contained in paragraphs 3(c) and (d), the undersigned is unclear as to what her "claim" "to pay back money to the United States" is. If Ms. Hoover and Mr. Tomasic are alleging that they owe the government a debt and are accusing the undersigned of inappropriately using the Admiralty Act to collect that debt, that is totally unfounded. The undersigned has no knowledge whatsoever of any existing debt these individuals may owe to the United States. The basis for which the United States is utilizing the Supplemental Admiralty Rules is set forth in its response in paragraph 1 above, and those rules were authorized by the U.S. Supreme Court and approved by Congress for use in asset forfeiture actions filed in federal courts. There is no "fraudulent deception" by the government in bringing this action and using the Admiralty Rules. It is clear from the face of the Verified Complaint that this forfeiture action is to seize proceeds from controlled substance violations allegedly committed by Katherine

4

Anne Hoover and others through their involvement with the medical clinic they operated in Williamson, West Virginia.

With regard to the allegations contained in paragraph 3(e), the undersigned vehemently opposes this accusation as being completely false. The undersigned has never had any communication whatsoever with Dr. Diane Shafer. The undersigned served Dr. Shafer in this civil forfeiture action because she filed a claim to the currency with the FBI in the administrative forfeiture process and because her house was the location out of which the currency was seized. Dr. Shafer, having obtained a medical degree, certainly has the intellectual ability to ascertain if the seized currency belonged to her or not. Additionally, Dr. Shafer has been represented by counsel, not only in the filing of her claim with the FBI but also in the filing and subsequent withdrawal of her claim in this forfeiture proceeding. It is unbelievable that a person in Dr. Shafer's situation could be mislead into filing a false claim and even more unbelievable that the undersigned would resort to such tactics at all, let alone for a sum of money that is nominal in comparison to the other assets being forfeited in this case. This allegation is being made by Ms. Hoover and Mr. Tomasic solely for the purpose of creating a smoke screen and trying to mislead the court and, therefore, should be disregarded.

4. In paragraph 4 of their motion, Ms. Hoover and Mr. Tomasic allege a conspiracy to defraud them of their due process rights

5

under the Constitution and Treaty law. They further allege that the undersigned failed to file responses to claims they filed and upon which the district court has ruled.

Response: There are no motions, pleadings or other documents filed by Ms. Hoover and Mr. Tomasic in this forfeiture proceeding, relating to the separation of powers or the Vienna Convention or otherwise, which the undersigned has not responded to and which have been ruled upon by the district court. To the extent Ms. Hoover and Mr. Tomasic have filed such a document in another case, and that motion or claim was ruled upon and denied by the court, and the facts and issues are the same, the United States invokes the doctrine of res judicata to bar it from being relitigated in this proceeding.

The parties cite 21 U.S.C. § 801(a)(3)(C) as giving doctors and the medical and scientific community jurisdiction over "prescriptions." That statutory cite does not exist. The authority to write prescriptions for controlled substances is a privilege extended to physicians through a DEA registration issued pursuant to 21 U.S.C. § 823, unless issuance of the registration is inconsistent with the public interest. The statute then lists several criteria to be considered in determining if issuing a registration to a particular physician is against the public interest. While the statute is written in favor of registering an applicant, it does not confer complete control and jurisdiction

6

over the issuance of prescriptions with those physicians. Doctors whose conduct falls within the factors deemed against public interest can be denied registration, and doctors whose prescription writing practices are outside bounds of medical practice and not for legitimate medical purposes in the usual course of professional medical practice can be criminally prosecuted in certain circumstances under 21 U.S.C. § 841(a)(1) and United States v. Moore, 423 U.S. 122, 96 S.Ct. 335 (1975) and its progeny. Accordingly, it is clear that neither Congress nor the United States Supreme Court intended that physicians have complete control/jurisdiction over prescriptions, therefore, Ms. Hoover's and Mr. Tomasic's claims to the contrary should be denied.

    5. With regard to Ms. Hoover's and Mr. Tomasic's claims, under the heading "Innocent Money," the United States obtained records from Wesbanco of deposits into and payments from Wesbanco Account No. XXXX7905. Based on these records, the United States does not dispute that a check payable to John F. Tomasic, in the amount of $191,775.75, was deposited into the Wesbanco Account No. XXXX7905, however, those same bank records reveal that almost all of this money was transferred out of the Wesbanco account and into a trust in the name of their deceased son, within weeks of the deposit. Subsequent to the transfer of this money out of the account, additional deposits were made into the account from the medical clinic and other sources, and additional withdrawals were

7

made from the account, therefore, the balance that was seized and which is subject to forfeiture in this case is made up primarily if not exclusively from monies from the clinic and not from the Tomasic check. Ms. Hoover and Mr. Tomasic should be well aware of this transfer due to the nature of the moneys being placed into a trust.

With regard to the $2,902 in United States currency seized from Hoover's bedroom in Shafer's house, Ms. Hoover's primary if not sole source of income at the time of seizure was from the medical clinic and it was on that basis that the currency totaling $2,902 was seized. Ms. Hoover's prescription-writing practices exceeded that of any physician in the State of West Virginia and generated substantial cash revenue for the medical clinic, through which she and others associated with the clinic derived great financial benefit.

WHEREFORE, based on the foregoing, the district court properly has subject matter jurisdiction over this forfeiture proceeding and the motion, presumably to dismiss, based on lack of subject matter jurisdiction should be denied.

8

Respectfully submitted,

UNITED STATES OF AMERICA
By Counsel

R. BOOTH GOODWIN II
United States Attorney

By: s/Betty A. Pullin
Betty A. Pullin, WV Bar Number: 5590
Attorney for the United States
United States Attorney's Office
300 Virginia Street, East, Room 4000
Charleston, West Virginia 25301
Telephone: (304) 345-2200
Fax: (304) 347-5104
Email: betty.pullin@usdoj.gov

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.           CIVIL ACTION NO. 2:10-1087

$88,029.08, MORE OR LESS,
IN UNITED STATES CURRENCY,

    Defendant.

(Katherine Anne Hoover, and
John F. Tomasic;
No pending federal criminal charges)

### CERTIFICATE OF SERVICE

  I hereby certify that the "United States Response to 'Lack of Documentation to Support Subject Matter Jurisdiction" was electronically filed on this 21st day of January, 2011, and served on the following:

    Katherine Anne Hoover, M.D. and
    John F. Tomasic
    c/o Norman Gay, M.D.
    247 West Bay Street
    Nassau, N.P. Bahamas
    (Via FAX to: 242/328-4014 and
    Federal Express International)

  By: s/Betty A. Pullin
    Betty A. Pullin, WV Bar Number: 5590
    Attorney for the United States
    United States Attorney's Office
    300 Virginia Street, East, Room 4000
    Charleston, West Virginia 25301
    Telephone: (304) 345-2200
    Fax: (304) 347-5104
    Email: betty.pullin@usdoj.gov