```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

       **Plaintiff**

v.                                             Civil Action No. 2:10-1087

$88,029.08, More or Less,
in United States Currency,

Interested parties:
Katherine Anne Hoover
John F. Tomasic

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are the motions by interested parties Katherine Anne Hoover, M.D., and John F. Tomasic to (1) set aside default judgment ("motion to set aside"), (2) to "Declare [United States Magistrate Judge] Mary Stanley's Response Denying Motion to Comply with Treaty Law a Nullity and to Have [magistrate judge] Mary Stanley Accept the Legal Requirement that She is Recused," (3) to "Reinstate Docket Number 38 and to Nullify . . . [magistrate judge] Stanley's Response," all three of which were filed February 11, 2011, and (4) to strike the United States' February 28, 2011, response to the motion to set aside default judgment ("motion to strike"), filed March 17, 2011. The second and third motions are treated collectively as an appeal from two orders entered January 28, 2011, by the magistrate judge.

Respecting the motion to set aside, the United States instituted this action on September 10, 2010, with a Verified Complaint of Forfeiture.  On December 20, 2010, the magistrate judge noted as follows:

> Rule G(5) of the Supplemental Rules contains specific provisions regarding the contents of a claim to property and an answer. Although the Interested Parties are representing themselves (proceeding "pro se"), they will be expected to follow the Rules to the best of their ability.
>
> It is hereby ORDERED that each Interested Party must serve and file with the Clerk his/her respective claim to the defendant property no later than January 14, 2011. Each Interested Party's claim must comply with the provisions of Rule G(5) of the Supplemental Rules. It is further ORDERED, pursuant to Supplemental Rule G(6)(b), that each Interested Party shall serve and file with the Clerk his/her respective answer to the complaint within 21 days after filing his/her claim. A copy of each document filed by an Interested Party with the Clerk must be served on Assistant United States Attorney Betty A. Pullin, pursuant to Rule 5, Federal Rules of Civil Procedure.

(Magis. J. Ord. at 2-3).

On January 6, 2011, the interested parties responded with a frivolous challenge to the court's exercise of subject matter jurisdiction.  That filing was followed in serial fashion by similarly meritless offerings.  (See Pls.' Lack of Document. to Supp. Subj. Matt. Juris. (Jan 10, 2011); Pls.' Mot. to Comply With Treaty Law (Jan. 18, 2011); Pls.' Crim. Acts and High Crimes Committed by Betty Pullin (Jan. 27, 2011).  On February 8, 2011, the Clerk entered default against both interested parties separately.

In addition to repeating certain meritless contentions, Mr. Tomasic and Dr. Hoover assert that they filed verified responses to the complaint respectively on November 2 and 23, 2010.[1]  The United States concedes that Mr. Tomasic and Dr. Hoover filed those verified responses, which purport to respond to the complaint in accordance with Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. It notes further, however, that the magistrate judge's December 20, 2010, order "was silent as to the court's view of the [responses but that] . . . the documents were obviously deemed to be deficient since the court directed the interested parties to file their respective claims and answers at a later date." (Gov't. Resp. at 3).

Rule G(5)(a) and (b) govern the filing of claims and responsive pleadings in forfeiture actions.  They provide respectively as follows:

> A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>
>   (A) identify the specific property claimed;
>
>   (B) identify the claimant and state the claimant's interest in the property;

---

[1] The interested parties reiterate the absence of subject matter jurisdiction.  They also assert that the case should "be assigned to a fair judge."  (Pls.' Mot. to Set Aside at 1).  No grounds for recusal are offered.

3

>(C) be signed by the claimant under penalty of perjury; and
>
>(D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).
>
>. . . .
>
>A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.

Supp. Admir & Marit. Claims Rule G(5)(a) and (b).

Both the Supreme Court and our court of appeals have consistently afforded pro se filings a liberal construction. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007)("The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . .'") (citations omitted) (quoting also Fed. Rule Civ. Proc. 8(f) ("'All pleadings shall be so construed as to do substantial justice'")); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994)(noting pro se filings "however unskillfully pleaded, must be liberally construed.").

Construed in light of the admonitions in <u>Erickson</u>, <u>Noble</u>, and their multitudinous progeny, Mr. Tomasic's and Dr. Hoover's verified responses satisfy the requirements for both a claim and a responsive pleading under Rule G(5).[2]  The court, accordingly, ORDERS that the motion to set aside be, and it hereby is, granted.  It is further ORDERED that the defaults previously entered be, and they hereby are, set aside and vacated.  The court additionally ORDERS that the motion to strike be, and it hereby is, denied as moot.

Regarding the appeal, the interested parties simply reiterate their futile jurisdictional challenges.  The thrust of those challenges is that a physician may prescribe whatever he or she wishes to patients, essentially without fear of transgressing the federal laws restricting the distribution of controlled substances.  The interested parties also offer premature challenges to the merits of the forfeiture sought by the United States.

---

[2] The United States asserts that Dr. Hoover's November 23, 2010, verified response was untimely.  The United States asserts the document should have been filed no later than November 22, 2010.  In view of the lack of any prejudice and the interested parties' <u>pro se</u> status, the court will deem the verified response timely.  The court also notes that Mr. Tomasic's verified response appears to lack proof of service.  It is apparent from the United States' filings in this action, however, that it received the document.  Nevertheless, the interested parties are cautioned to affix certificates of service to any future filings in this action.

Inasmuch as no meritorious grounds are stated in the appeal, the court ORDERS that the January 28, 2011, orders appealed from be, and they hereby are, affirmed. It is further ORDERED that the motions (1) to "Declare [United States Magistrate Judge] Mary Stanley's Response Denying Motion to Comply with Treaty Law a Nullity and to have [magistrate judge] Mary Stanley Accept the Legal Requirement that She is Recused," and (2) to "Reinstate Docket Number 38 and to Nullify [magistrate judge] Stanley's Response," be, and they hereby are, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: April 12, 2011

_____
John T. Copenhaver, Jr.
United States District Judge