UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston

FILED
APR 21 2011
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

United States of America,
    Plaintiff,

v

$88,029.08, more or less,
in United States Currency,
    Defendant.

Civil Action No. 2:10-1087
Judge John T. Copengaver

(Katherine Anne Hoover MD and
John F. Tomasic;
No pending federal charges.)

## MOTION TO CLARIFY JUDGE COPENHAVER'S ORDER OF APRIL 12, 2011

    NOW COME John F. Tomasic and Katherine A. Hoover, pro se, to request a clarification of Judge John T. Copenhaver Order of April 12, 2011 and reconsideration of the recusal of Magistrate Judge Mary Stanley as required by Title 28 USC S455 (a) "Any justice, judge or magistrate (judge) of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Magistrate Judge Mary Stanley demonstrated her partiality by the denial of Title 21 USC 801 (a)(3)(C); overstepping her bounds as a judge by ruling on the practice of medicine; the Orders filed by Stanley imply that Dr. Katherine A. Hoover is guilty; and refusing to comply with treaty law. The Order by Judge Copenhaver does address the verified responses filed by John F. Tomasic and Katherine A. Hoover MD. Judge Copenhaver **GRANTED** the Motion to Set Aside Default Judgment and **RULED** that the Verified Responses were adequate. Judge Copenhaver **DENIED** the Motion to Recuse Mary Stanley and **DENIED** the Constitutional requirement that all Courts comply with treaty law and with Title 21 USC 801(a)(3)(C). Magistrate Judge Mary Stanley never ruled on the Verified Responses and Judge Copenhaver ruled that they were adequate.

## HISTORY OF THE CASE

Katherine A. Hoover MD practiced as an independent contractor in Williamson, West Virginia from April 2002 until March 2, 2010. During that time the West Virginia Board of Medicine ordered that her practice be supervised secondary to an office visit that happened on October 13, 1995. Dr. Victor Teleron was the supervising physician. Beginning in 2005, about the same time that Dr. Hoover's son Michael Tomasic was tortured to death by the guards at North Central Regional Jail, the practice of medicine was investigated by federal agents in violation of Title 21 801 (a)(3)(C). The investigation included sending agents in to lie to the doctors and collected testimony of patients who had been arrested and were appearing before Judge Michael Thornsbury. The collection of information was all negative and no exculpatory evidence was collected. The failure to produce any exculpatory evidence was clearly demonstrated by AUSA Pullin failure to make this Court aware of the source of funds in WesBanco Account no. xxxx3002 and xxxx7905. The raid on March 2, 2010 closed the medical office and caused great hardship to patients and to Dr. Hoover. The federal agents, AUSA Monica Schwartz and Magistrate Judge Mary Stanley practiced medicine without a license by making medical determinations regarding the care needed by the patients.

## JUDICIAL RECUSAL IS REQUIRED

Federal law requires the automatic disqualification of a Federal judge under certain circumstances. In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." Liteky v. U.S, 114 S.Ct. 1147, 1162 (1994). Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. Liljeberg v. Health Services Acquisition Corp. 486 U.S. 847 (1988) "what matters is not the reality of bias or prejudice but its appearance." United States v. Balistrieri, 779 F.2d 1191 (7th Circuit 1985) "Section 455(a) 'is directed against the appearance of partiality, whether or not the judge is actually biased.'" Section 455(a) of the Judicial Code, 28 USC S455(a), is not intended to protect litigants from actual bias in their judge, but rather to promote public confidence in the impartiality of the judicial process." That court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which her impartiality might reasonably be questioned." Taylor v. O'Grady, 888 f.2d 1189 (7th Circ. 1989) In Pfizer v. Lord, 456 F.2d 532 (8th Circ. 1972) the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice." The Supreme Court has ruled and has reaffirmed the

principle that "justice must satisfy the appearance of justice", Levine v United States, 348 U.S. 11, 14 (1954). Judges do not have discretion not to disqualify themselves. By law, they are bound to follow the law. Should a judge not disqualify himself, as required by law, then the judge has given another example of his "appearance of partiality" which further disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has disqualified himself. None of the Orders issued by any judge who has been disqualified by law would appear to be valid. Should a judge not disqualify himself, then the judge is in violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7th Circ. 1996) "The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause." Since we are unrepresented litigants, Magistrate Judge Mary Stanley has not followed the law as to non-represented litigants. Magistrate Judge Mary Stanley demonstrated an appearance of partiality and she has automatically recused herself. The Supreme Court has also held that if a judge wars against the Constitution, or if he/she acts without jurisdiction, he/she is engaged in treason to the Constitution. Since Magistrate Stanley acted after she was automatically recused, she acted without jurisdiction and she may be engaged in extortion and criminal acts of treason. Courts have no immunity when they commit such acts. Magistrate Judge Mary Stanley is protecting herself against criminal liability caused by her actions done without subject matter jurisdiction.

## VERIFIED RESPONSES

The verified responses filed by John F. Tomasic and Katherine A. Hoover make it clear that all of the money seized from them should be immediately returned. The majority of the money, as conceded by AUSA Pullin was from sources other than Dr. Hoover's checks written as payment for her services as an independent contractor in the practice of medicine. Magistrate Judge Mary Stanley and AUSA Pullin have assumed guilt on the part of Dr. Hoover. Judge Copenhaver ruled that the Verified Responses were legally sufficient and Judge Copenhaver set aside Default Judgment. Therefore, the verified responses filed by Mr. Tomasic and Dr. Hoover stand and the Court has essentially GRANTED them.

WHEREFORE John F. Tomasic and Katherine A. Hoover MD request that the Court officially rule to GRANT the verified responses filed by Dr. Hoover and Mr. Tomasic, recuse Magistrate Judge Mary Stanley, RULE that treaty law must be complied with and ORDER that all of the money belonging to Mr. John F. Tomasic and Dr. Katherine Hoover be returned with interest, costs and damages.

Respectfully submitted,

*/s/ John F. Tomasic*
John F. Tomasic

*/s/ Katherine A. Hoover MD*
Katherine A. Hoover MD

## CERTIFICATE OF SERVICE

I, Katherine A. Hoover MD, do hereby certify that a true and correct copy of the foregoing MOTION TO CLARIFY JUDGE COPENHAVER'S ORDER OF APRIL 12, 2011 has been sent by Fed-ex to the U.S. Attorney for the Southern District of West Virginia 300 Virginia St. East, Suite 4000 Charleston, WV 25301 on April 18, 2011.

Katherine A. Hoover MD
c/o Dr. Norman Gay
N-3222
West Bay Medical Clinic
West Bay Street
Nassau, N.P., Bahamas
242-525-4018

**FedEx International Air Waybill**

Date: 04/18/11

Sender Name: Katherine Hoover 242-525-4018
Company: c/o Dr. Norman Gay
West Bay Med. Clinic
Address: West Bay St.
City: Nassau
State: N.P.
Country: Bahamas

Recipient Name: Clerk 304-347-3000
Company: USDC SDWV
Address: 300 Virginia St. E.
Suite 2400
City: Charleston
State: WV
Country: US
Postal: 25301

Contents: Doc

PRIORITY 25301