IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                CIVIL ACTION NO. 2:10-1087
                                        Judge John T. Copenhaver, Jr.

$88,029.08, MORE OR LESS,
IN UNITED STATES CURRENCY,

        Defendant.

And

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                CIVIL ACTION NO. 2:11-0101
                                        Judge John T. Copenhaver, Jr.

$27,671.50, MORE OR LESS, IN
UNITED STATES CURRENCY,

        Defendant.

(Katherine Anne Hoover, M.D. and
John F. Tomasic, interested parties;
no pending federal charges)

**MOTION OF THE UNITED STATES OF AMERICA
TO COMPEL KATHERINE ANNE HOOVER, M.D.,
TO APPEAR FOR A DEPOSITION**

       Pursuant to Fed.R.Civ.P. 37, the United States of America moves the Court to enter an order compelling Katherine Anne Hoover, M.D., to appear for a deposition on the following grounds:

1.      On May 31, 2011, the United States of America served an Amended Notice To Take Deposition upon Katherine Anne Hoover, M.D. ("Dr. Hoover") (Docket No. 61), notifying her that her deposition would be taken on July 12, 2011, at 10:00 a.m., at the office of the United States Attorney in Charleston, West Virginia.  A copy of that Amended Notice To Take Deposition is attached as Exhibit 1 to this motion.

2.      That Amended Notice To Take Deposition was served upon Dr. Hoover at the address she has used for service purposes in this action.  The Amended Notice To Take Deposition was delivered by Federal Express International on June 1, 2011, to the address used by Dr. Hoover for service purposes.  A copy of the record of Federal Express International showing that the Amended Notice To Take Deposition was served at that address on June 1, 2011, is attached as Exhibit 2 to this motion.  Exhibit 2 also includes a copy of the signature receipt from Federal Express International showing the signature of the person who signed for and received the Amended Notice To Take Deposition at that address on June 1, 2011.

3.      The undersigned counsel for the United States of America, Fred B. Westfall, Jr., attempted to contact Dr. Hoover on July 11, 2011, by telephone, to determine whether she would be present at her deposition scheduled for July 12, 2011.  At approximately 2:38 p.m. on July 11, 2011, undersigned counsel was able to make contact with Dr. Hoover by telephone.  Dr. Hoover indicated at that time that she did not intend to be present at her deposition scheduled for July 12, 2011.  Dr. Hoover did not indicate why she would not be attending her deposition during that telephone conversation.  Dr. Hoover did not serve or file any pleading requesting that the deposition be rescheduled.

4.      On July 12, 2011, undersigned counsel for the United States of America was

present at the address stated in the Amended Notice To Take Deposition with a court reporter ready to proceed with Dr. Hoover's deposition as scheduled. Dr. Hoover did not appear for the deposition. Undersigned counsel for the United States of America then attempted to contact Dr. Hoover at two telephone numbers previously provided by Dr. Hoover for contact purposes to determine if Dr. Hoover would agree to attend her deposition if it was rescheduled. Dr. Hoover did not answer the telephone calls to those telephone numbers and the undersigned counsel for the United States of America left voicemail messages at both telephone numbers. A copy of the transcript for those proceedings on July 12, 2011, is attached as Exhibit 3 to this motion. The copy of the transcript has been redacted only to protect the telephone numbers of Dr. Hoover as referenced in the transcript.

5. Later in the day on July 12, 2011, Dr. Hoover contacted the undersigned counsel by telephone. She indicated that she had been away from the service address periodically over a period of time due to an illness and death in her family. She acknowledged that she had received some documents from our office at the service address, including the Amended Notice To Take Deposition. Undersigned counsel asked her whether she would agree to reschedule the deposition, and Dr. Hoover responded that she did not believe the United States was entitled to take her deposition due to a lack of subject matter jurisdiction. Undersigned counsel informed Dr. Hoover that a scheduling order for discovery was in place and that undersigned counsel believed that the United States was entitled to take her deposition in this civil forfeiture action. Dr. Hoover disagreed and stated that she would not agree to allow her deposition to be taken because, again, she did not believe that the United States was entitled to take her deposition in this action due to lack of subject matter jurisdiction.

6. The United States of America has acted in good faith to properly notify Dr. Hoover of her scheduled deposition, to contact Dr. Hoover to determine whether she would actually appear at her scheduled deposition, and to try to contact her to try to reschedule her deposition. However, Dr. Hoover did not appear at her deposition, she has stated to undersigned counsel that she does not believe the United States is entitled to take her deposition due to lack of subject matter jurisdiction, and she will not agree to appear at a rescheduled deposition. Thus, undersigned counsel for the United States does not believe it is possible to resolve this discovery dispute regarding taking Dr. Hoover's deposition.

7. This Court has previously ruled by Memorandum Opinion And Order entered on April 12, 2011, (Docket No. 53) that Dr. Hoover's argument that this Court lacks subject matter jurisdiction is without merit and has by Order entered on April 20, 2011 (Docket No. 55) set a schedule for the parties to conduct discovery, including the taking of depositions. Therefore, Dr. Hoover's basis for trying to avoid the taking of her deposition is without merit and should be rejected.

8. Moreover, federal courts have long recognized that depositions can be taken in civil forfeiture actions. See U.S. v. Zucker, 161 U.S. 475 (1896) (reversing decision of lower court which had prohibited use of deposition in a civil forfeiture proceeding; Supreme Court held that depositions in civil forfeiture actions were entirely appropriate). In addition, Fed.R.Civ.P. 37 is available in civil forfeiture actions to remedy discovery violations, including the failure to appear at a scheduled deposition. See U.S. v. One 1987 BMW 325, 985 F.2d 655, 660 (1st Cir. 1992). The failure of a claimant to obey notices and court orders requiring depositions in a civil forfeiture actions can result in discovery sanctions under Fed.R.Civ.P. 37 in a civil forfeiture

action, including the dismissal of the claimant's claims. See U.S. v. One 1999 Forty Seven Foot Fountain Motor Vessel, 240 F.R.D. 695 (S.D.Fla. 2007); U.S. v. United States Currency In Amount of $600,341.00, 240 F.R.D. 59 (E.D.N.Y. 2007).

      9.      Dr. Hoover has no legitimate basis to refuse to submit to a deposition in this civil forfeiture action. The Court has already dismissed her contention that it lacks subject matter jurisdiction in these proceedings, and the Court has already established a schedule allowing discovery, including depositions. Therefore, Dr. Hoover is not entitled to deny the United States the opportunity to depose her in this civil forfeiture proceeding. See U.S. v. Zucker, 161 U.S. 475 (1896); U.S. v. One 1987 BMW 325, 985 F.2d 655, 660 (1st Cir. 1992); U.S. v. One 1999 Forty Seven Foot Fountain Motor Vessel, 240 F.R.D. 695 (S.D.Fla. 2007); U.S. v. United States Currency In Amount of $600,341.00, 240 F.R.D. 59 (E.D.N.Y. 2007).

    Accordingly, the United States of America requests the following relief pursuant to Fed.R.Civ.P. 37:

    A.    An order compelling Katherine Anne Hoover, M.D., to appear at the office of the United States Attorney, 300 Virginia Street East, Room 4000, in Charleston, West Virginia, on August 23, 2011, at 10:00 a.m., to appear and to testify at her deposition in this civil forfeiture action and for that deposition to continue from day to day until completed;

    B.    An award of expenses to be paid by Katherine Anne Hoover, M.D., for her failure to appear at the deposition scheduled on July 12, 2011, because her failure to appear for the deposition was not substantially justified; and

    C.    Such other and further relief as the Court deems appropriate.

        **Respectfully submitted,**

        **R. BOOTH GOODWIN II**
        **United States Attorney**

        **s/Fred B. Westfall, Jr.**
        WV State Bar No. 3992
        Assistant United States Attorney
        Attorney for United States
        P.O. Box 1713
        Charleston, WV  25326
        Phone: 304-345-2200
        Fax: 304-347-5443
        E-mail: fred.westfall@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                CIVIL ACTION NO. 2:10-1087
                                     Judge John T. Copenhaver, Jr.

$88,029.08, MORE OR LESS,
IN UNITED STATES CURRENCY,

        Defendant.

And

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                CIVIL ACTION NO. 2:11-0101
                                     Judge John T. Copenhaver, Jr.

$27,671.50, MORE OR LESS, IN
UNITED STATES CURRENCY,

        Defendant.

(Katherine Anne Hoover, M.D. and
John F. Tomasic, interested parties;
no pending federal charges)

## CERTIFICATE OF SERVICE

     I electronically filed the foregoing "MOTION OF THE UNITED STATES OF AMERICA TO COMPEL KATHERINE ANNE HOOVER, M.D., TO APPEAR FOR A DEPOSITION" with the Clerk of Court using the CM/ECF system this 13th day of July, 2011, and I hereby certify that service was made this day, by Federal Express International to the following:

Katherine Anne Hoover, MD and John F. Tomasic
c/o Dr. Norman Gay
N-3222
247 West Bay Street
Nassau, N.P.   Bahamas


        **s/ Fred B. Westfall, Jr.**
        Assistant United States Attorney