UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF WEST VIRGINIA

FILED
JUL 18 2011
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

United States of America,
    Plaintiff,
v.                        Civil Action No.: 2:10-cv-1087
                          Judge Copenhaver
88,029.08, more or less
in United States Currency,
    Defendant.
Katherine A. Hoover MD and
John F. Tomasic, interested parties,
no criminal charges pending.

### REQUEST FOR AN ORDER REGARDING SUBJECT MATTER JURISDICTION

NOW COME, John F. Tomasic and Katherine A. Hoover MD, pro se, and humbly request that this honorable Court issue an Order stating that subject matter jurisdiction regarding the practice of medicine belongs to the States and the medical community and not to the Federal government. The right to challenge the United States is clearly stated in Bond v United States decided by the US Supreme Court June 16, 2011.

The interested parties have raised the issue of subject matter jurisdiction extensively in both of the now combined cases. It is clear from the Constitution, the Tenth Amendment, Bivens v the Six Unknown and Gonzales v. Oregon 543 US 243 (2006) that the practice of medicine is not regulated by the federal government and agents of the United States are liable for their actions. The case of United States v Moore 423 US 122 (1975) cited by the United States is not relevant to the current proceeding because Moore admitted that his prescriptions were not for a legitimate medical purpose. The laws cited by the United States, 21 USC S 841 (a)(1), apply to drug dealers not doctors writing legal prescriptions. The investigation that was done was completely biased and based on hearsay and illegal informants. West Virginia law, which supersedes federal law, protects doctors from any criminal prosecution for the good faith prescribing of narcotics. The case cited by Judge Copenhaver, Gonzales v Raich 545 US 1 (2005), is irrelevant as it involved interstate commerce. Raich dealt with patients growing their own marijuana not with the doctor's right to prescribe it. The issue of subject matter jurisdiction must be decided before any discovery can proceed. Physicians have a duty to relieve pain and treat every patient to the best of their ability as stated in West Virginia law Article 3A S30-3A-2(a)(2).

WHEREFORE, the interested parties request that the Court issue an Order Granting subject matter jurisdiction over the practice of medicine to the States and the medical community. This is an issue of stare decis and legally the Court must deny the United States of America subject matter jurisdiction over the practice of medicine.

Respectfully submitted,

*John F. Tomasic*
John F. Tomasic

*Katherine A. Hoover MD*
Katherine A. Hoover MD

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing REQUEST FOR AN ORDER REGARDING SUBJECT MATTER JURISDICTION has been faxed to AUSA Betty Pullin at 304-347-5104 on July 15, 2011.

*Katherine A. Hoover MD*
Katherine A. Hoover MD
c/o Dr. Norman Gay
West Bay Medical Clinic
West Bay Street
Nassau, N.P., Bahamas
242-328-4014

# FedEx International Air Waybill
Express

**1 From**

Date: 7/15/11

Sender's Name: Katherine Hoover  Phone: 242-322-11

Company: C/O Dr. Norman Gay

Address: West Bay Medical Clinic

Address: West Bay St.

City: Nassau   State/Province: N.P.

Country: Bahamas

**2 To**

Recipient's Name: Teresa Deppner  Phone: 304-347-30(?)

Company: U.S. District Clerk

Address: 300 Virginia St.

Address: Suite 2000

City: Charleston   State/Province: WV

Country: USA   ZIP/Postal Code: 25301

**3 Shipment Information**

Total Packages: 1   Total Weight: 0.5 lbs

Commodity Description: Doc

Tracking: 8754 5871 7468