```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**UNITED STATES OF AMERICA**,

       Plaintiff,

v.                                    Case No. 2:10-CV-01087

**$88,029.08, MORE OR LESS,
IN UNITED STATES CURRENCY**,

       Defendant.

**Katherine Anne Hoover and
John F. Tomasic**,

       Interested Parties
       (No pending criminal charges).

## ORDER AND NOTICE

Pending before the Court is the Motion of the United States to Compel Katherine Anne Hoover, M.D., to Appear for a Deposition (ECF No. 83), as amended (ECF No. 89). The interested parties filed a response to this motion (ECF No. 94), and the United States filed a reply (ECF No. 95).

As recited in the original Motion to Compel, the United States served an Amended Notice to Take Deposition upon Dr. Hoover, for her appearance in Charleston, West Virginia, at the United States Attorney's Office on July 12, 2011. On July 11, 2011, Dr. Hoover, in a telephone conversation, informed Assistant United States Attorney Westfall that she did not intend to appear for her

deposition on July 12, and on July 12, she did not appear. Dr. Hoover has expressed her opinion that the United States is not entitled to take her deposition because the court lacks subject matter jurisdiction.

The interested parties' response to the government's Motion to Compel, as amended, is to assert, once again, that the court lacks subject matter jurisdiction. The response was probably filed before the interested parties received Judge Copenhaver's Memorandum Opinion and Order entered August 8, 2011.

By Memorandum Opinion and Order entered April 12, 2011 (ECF No. 53), the presiding District Judge rejected the interested parties' repeated and baseless claims that the court lacks subject matter jurisdiction. That ruling was reiterated in the Memorandum Opinion and Order entered August 8, 2011 (ECF No. 93, at 9-13), and the interested parties were warned that "any future challenge to subject matter jurisdiction in this court will be dealt with summarily and perhaps suggest the imposition of appropriate sanctions"). (ECF No. 93, at 13 n.3.)

The government's reply argues that "[s]ince Dr. Hoover has no legitimate basis to refuse to submit to a deposition in this civil forfeiture action, she is not entitled to refuse to participate in the discovery process, particularly to refuse to appear for a deposition." (ECF No. 95, at 2.) The undersigned agrees.

The United States has acted charitably toward Dr. Hoover by

moving to compel. Pursuant to Rule 37(d)(1)(A), Federal Rules of Civil Procedure, the government could have skipped the motion to compel and filed a motion for sanctions. That rule provides as follows:

> The court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition . . ..

Rule 37(d)(3) specifies the types of sanctions which may be imposed for failing to appear for a deposition. In addition to an order requiring the person "to pay the reasonable expenses, including attorney's fees, caused by the failure," the court may impose any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi).

It is hereby **ORDERED** that the Motion to Compel, as amended, is granted, and it is further **ORDERED** that interested party Katherine Anne Hoover, M.D. shall appear at the office of the United States Attorney, 300 Virginia Street East, Room 4000, Charleston, West Virginia, on Tuesday, August 30, 2011, at 10:00 a.m., Eastern Daylight Time, and shall testify at her deposition in this action, pursuant to the provisions of Rule 30, Federal Rules of Civil Procedure.

Interested party Katherine Anne Hoover, M.D. is hereby placed on **NOTICE** that should she fail to appear and testify as ordered, she will be subjecting herself to the imposition of sanctions, as specified in Rule 37, which may include one or more of the following:

1. Entry of an order requiring her to pay the reasonable expenses, including attorney's fees, caused by her failure to appear on July 12, 2011 and August 30, 2011;

2. Entry of an order that designated facts (such as those set forth in the Verified Complaint of Forfeiture) be taken as established for purposes of the action;

3. Entry of an order prohibiting Katherine Anne Hoover, M.D. from opposing the claims of the United States;

4. Entry of an order prohibiting Katherine Anne Hoover, M.D. from introducing designated matters in evidence;

5. Entry of an order striking pleadings in whole or in part, such as Katherine Anne Hoover's verified response to the complaint (ECF No. 20);

6. Entry of an order staying further proceedings until the order is obeyed;

7. Entry of an order rendering default judgment against Katherine Anne Hoover;

8. Entry of an order treating as contempt of court the failure to obey this Order granting the Motion to Compel, as amended.

The Clerk is directed to transmit this Order to counsel of record and to provide a copy to the Interested Parties Hoover and Tomasic via fax transmission to 242-328-4014 or, alternatively, by Federal Express.

ENTER: August 12, 2011

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

4