```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**UNITED STATES OF AMERICA,**

        Plaintiff

v.                                    Civil Action No. 2:10-1087
                                            (Lead action)

**$88,029.08, More or Less,
in United States Currency,**

<u>ORDER</u>

The court has received today the filing by interested parties Katherine A. Hoover, M.D., and John F. Tomasic styled "NOTICE REGARDING FIFTH AMENDMENT ('notice')."

The notice appears to offer a putative blanket invocation of Dr. Hoover's Fifth Amendment privilege in an attempt to excuse her from appearing at her upcoming deposition. Dr. Hoover asserts that, in light of her attempted invocation, she "will not be present for any deposition scheduled by the United States Attorney . . . ."  (Not. at 1).

The court of appeals addressed a similar situation in <u>North River Ins. Co., Inc. v. Stefanou</u>, 831 F.2d 484 (4th Cir. 1987).  In <u>Stefanou</u>, defendant Stefanou and his client Edward Markowitz were alleged by the plaintiff insurer to have conspired to create more than $500,000,000.00 in fraudulent tax deductions for investors.  The plaintiff insurer asserted that they then

necessarily misrepresented that they did not know of existing circumstances that might give rise to insurance claims. Both Stefanou and Markowitz pled guilty to federal criminal charges and received immunity for some, but not all, of the federal and state crimes that they might have been alleged to have committed.

Respecting the plaintiff insurer's civil action, all defendants filed proper answers except for Stefanou. The only substantive component of Stefanou's "answer" was his statement that, upon the advice of counsel, he "respectfully decline[d] to answer the allegations set forth in plaintiff's complaint on the basis of his constitutional rights." This blanket assertion of his Fifth Amendment privilege applied to the entire complaint, including the jurisdictional, venue, and other similar types of allegations. He provided similar responses during discovery when he was served with requests for admissions.

The plaintiff insurer moved for judgment on the pleadings against Stefanou. During the hearing on the motion, Stefanou again offered his blanket assertion, even as to the allegations concerning his guilty plea, which were a matter of public record.[1] The district court found the privilege to have

---

[1] Dr. Hoover appears to take a similar approach, asserting she will invoke the privilege "regarding any question that could be asked by the United States Attorney for the SDWV including

2

been improperly invoked and granted the plaintiff insurer's motion.

In affirming that ruling, the court of appeals observed as follows:

> The privilege against self-incrimination, one of our most cherished fundamental rights, is jealously guarded by the courts. It protects an individual not only from involuntarily becoming a witness against himself in a criminal proceeding but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions. But for one to invoke this privilege the party claiming it must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the claim. Under the circumstances of this case, a blanket refusal to answer or respond was not sufficient.
>
> Stefanou incorrectly argues that the district court erred in failing to pierce his blanket assertion of privilege to determine its relative merits. A party wishing in good faith to assert the privilege must do so "with respect to particular [allegations]," thereby allowing the trial judge to determine the propriety of each refusal.  <u>The privilege also may be asserted and preserved in the course of discovery proceedings, Fed.R.Civ.P. 26(c), but in specifics sufficient to provide the court with a record upon which to decide whether the privilege has been properly asserted as to each question</u>.

<u>Id.</u> at 486-87 (emphasis added)(citations omitted); <u>see also</u> 8 Charles A. Wright <u>et al.</u>, <u>Federal Practice and Procedure</u> § 2018 (3rd ed. elec. 2011) ("If a deposition is sought, the

---

please state your name for the record."  (Not. at 1).

3

availability of the privilege is not a ground for vacating the notice of the deposition. The proper procedure is for the deponent to attend the deposition, to be sworn under oath, and to answer those questions he or she can answer without running a risk of incrimination. In this way a record can be made and the court can determine whether particular questions asked did entitle the deponent to claim the privilege.") (footnote omitted).

Dr. Hoover's blanket assertion prevents the court from making an informed ruling on her claim. It is, accordingly, ORDERED that Dr. Hoover appear at her deposition as directed by previous orders of the court, invoke the privilege in the manner she wishes, and consequently make a sufficient record on the matter in the event further development becomes necessary.

The Clerk is directed to forward copies of this order to (1) all counsel of record via the CM/ECF system, and (2) any unrepresented parties by facsimile and priority overnight delivery.

DATED: August 25, 2011

John T. Copenhaver, Jr.
United States District Judge