# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                               CIVIL ACTION NO. 2:10-1087
                                    Judge John T. Copenhaver, Jr.

$88,029.08, MORE OR LESS,
IN UNITED STATES CURRENCY,

        Defendant.

(Katherine Anne Hoover, M.D. and
John F. Tomasic, interested parties;
no pending federal charges)

## MOTION OF THE UNITED STATES OF AMERICA
## UNDER FED.R.CIV.P. 37 AND OTHER APPLICABLE FEDERAL LAW
## FOR SANCTIONS TO BE IMPOSED AGAINST
## KATHERINE ANNE HOOVER, M.D., FOR HER FAILURE
## TO APPEAR FOR HER COURT-ORDERED DEPOSITION

Pursuant to Fed.R.Civ.P. 37 and other applicable federal law, the United States of America moves the Court to enter an order granting sanctions against Katherine Anne Hoover, M.D., for her failure to appear for a deposition previously ordered by the Court on the following grounds:

1.    On May 31, 2011, the United States of America served an Amended Notice To Take Deposition upon Katherine Anne Hoover, M.D. ("Dr. Hoover") (Docket No. 61), notifying her that her deposition would be taken on July 12, 2011, at 10:00 a.m., at the office of the United States Attorney in Charleston, West Virginia. A copy of that Amended Notice To Take Deposition is attached as Exhibit 1 to this motion.

2. The Amended Notice To Take Deposition was delivered by Federal Express International on June 1, 2011, to the address used by Dr. Hoover for service purposes. A copy of the record of Federal Express International showing that the Amended Notice To Take Deposition was served at that address on June 1, 2011, is attached as Exhibit 2 to this motion. Exhibit 2 also includes a copy of the signature receipt from Federal Express International showing the signature of the person who signed for and received the Amended Notice To Take Deposition at that address on June 1, 2011.

3. The undersigned counsel for the United States of America, Fred B. Westfall, Jr., attempted to contact Dr. Hoover on July 11, 2011, by telephone, to determine whether she would be present at her deposition scheduled for July 12, 2011. At approximately 2:38 p.m. on July 11, 2011, undersigned counsel was able to make contact with Dr. Hoover by telephone. Dr. Hoover indicated at that time that she did not intend to be present at her deposition scheduled for July 12, 2011. Dr. Hoover did not indicate why she would not be attending her deposition during that telephone conversation. Dr. Hoover did not serve or file any pleading requesting that the deposition be rescheduled.

4. On July 12, 2011, undersigned counsel for the United States of America was present at the address stated in the Amended Notice To Take Deposition with a court reporter ready to proceed with Dr. Hoover's deposition as scheduled. Dr. Hoover did not appear for the deposition. Undersigned counsel for the United States of America then attempted to contact Dr. Hoover at two telephone numbers previously provided by Dr. Hoover for contact purposes to determine if Dr. Hoover would agree to attend her deposition if it was rescheduled. Dr. Hoover did not answer the telephone calls to those telephone numbers and the undersigned counsel for

the United States of America left voicemail messages at both telephone numbers.  A copy of the transcript for those proceedings on July 12, 2011, is attached as Exhibit 3 to this motion.  The copy of the transcript has been redacted only to protect the telephone numbers of Dr. Hoover as referenced in the transcript.

5. Later in the day on July 12, 2011, Dr. Hoover contacted the undersigned counsel by telephone.  She indicated that she had been away from the service address periodically over a period of time due to an illness and death in her family.  She acknowledged that she had received some documents from our office at the service address, including the Amended Notice To Take Deposition.  Undersigned counsel asked her whether she would agree to reschedule the deposition, and Dr. Hoover responded that she did not believe the United States was entitled to take her deposition due to a lack of subject matter jurisdiction.  Undersigned counsel informed Dr. Hoover that a scheduling order for discovery was in place and that undersigned counsel believed that the United States was entitled to take her deposition in this civil forfeiture action.  Dr. Hoover disagreed and stated that she would not agree to allow her deposition to be taken because, again, she did not believe that the United States was entitled to take her deposition in this action due to lack of subject matter jurisdiction.

6. On August 12, 2011, the Court entered an order compelling Dr. Hoover to appear for a deposition to be taken by counsel for the United States on August 30, 2011, at 10:00 a.m. at the Office of the United States Attorney, 300 Virginia Street East, Room 4000, in Charleston, West Virginia.  Dr. Hoover was warned that if she did not appear for that scheduled deposition that the Court could impose various types of sanctions against her, including the entry of judgment against the claim she has asserted in this civil forfeiture action, assessment of

attorney's fees and expenses against her, and other potential sanctions. See Exhibit 4 attached to this Motion.

7. On August 15, 2011, counsel for the United States served a Notice of Deposition upon Dr. Hoover which notified her that the Court had ordered her deposition to be taken on August 30, 2011, at 10:00 a.m. at the Office of the United States Attorney, 300 Virginia Street East, Room 4000, in Charleston, West Virginia. That Notice also had a copy of the Court's Order of August 12, 2011, attached thereto. See Exhibit 5 attached to this Motion.

8. On August 23, 2011, Dr. Hoover notified the United States and the Court that she did not intend to appear for her scheduled deposition because this civil forfeiture action had been dismissed. See Exhibit 6 attached to this Motion.

9. On August 24, 2011, the Court informed Dr. Hoover that her notice filed on August 23, 2011, had no legal basis, she was required to attend her deposition as scheduled, and that the failure to do so could result in sanctions under Fed.R.Civ.P. 37 and applicable federal law. See Exhibit 7 attached to this Motion.

10. Dr. Hoover then filed a "Notice Regarding Fifth Amendment" on August 25, 2011, in which Dr. Hoover stated that she refused to appear at her deposition scheduled for August 30, 2011, and that she was asserting her "Fifth Amendment Rights" to any question that would be posed to her at the deposition, including a question asking for her name. See Exhibit 8 attached to this Motion.

11. On August 25, 2011, the Court entered an Order dated August 25, 2011, which informed Dr. Hoover that she still had to appear at the deposition scheduled for August 30, 2011, in order to properly prepare a record regarding her invocation of the Fifth Amendment and so

that the Court could make an informed ruling on her claims under the Fifth Amendment.  See Exhibit 9 attached to this Motion.

12.  On August 29, 2011, at 9:57 p.m., Dr. Hoover faxed a letter to counsel for the United States indicating that she intended to appeal the Court's rulings.  A copy of that letter and the fax machine generated time report for that fax are attached collectively as Exhibit 10 to this Motion.

13.  At approximately 9:40 a.m., Dr. Hoover called the Office of the United States Attorney and specifically asked the receptionist to place her in the voicemail of Assistant United States Attorney, Fred B. Westfall, Jr.  Her voicemail indicated that she could be reached by telephone at 242-XXX-XXXX.  See Exhibit 11 attached to this Motion.

14.  Assistant United States Attorney Fred B. Westfall, Jr., attempted to call Dr. Hoover at that telephone number and at another number, 242-XXX-XXXX, at the time of the scheduled deposition.  However, both telephone numbers were apparently international telephone numbers and, therefore were inaccessible by the telephone system used by the Office of the United States Attorney.

15.  Assistant United States Attorney Fred B.Westfall, Jr., then made a record of the deposition proceedings and Dr. Hoover's failure to physically appear for her deposition as required by the Court's Orders of August 12 and August 25, 2011.  See Exhibit 11 attached to this Motion.

16.  Dr. Hoover subsequently called the Office of the United States Attorney at 10:45 a.m. and asked for Assistant United States Attorney Fred B. Westfall, Jr.  The receptionist for the office informed Mr. Westfall that Dr. Hoover was on the telephone, and Mr. Westfall asked the

receptionist to tell Dr. Hoover he would go to a telephone and talk to her.  However, before Assistant United States Attorney Fred B. Westfall, Jr., could get to his telephone, Dr. Hoover informed the receptionist that she was hanging up and that Mr. Westfall could call her at the number she had previously left for him in the earlier voicemail.  Mr. Westfall could not make contact with Dr. Hoover at that telephone number because the telephone number is an international telephone that cannot be accessed by the Office of the United States Attorney.

      17.     In summary, Dr. Hoover did not appear for her deposition scheduled for August 30, 2011, at 10:00 a.m. at the Office of the United States Attorney, 300 Virginia Street East, Room 4000, in Charleston, West Virginia, as ordered by the Court.  Due to the nature of the exhibits which had to be discussed during the deposition, it was not feasible for Dr. Hoover's deposition to be conducted over the telephone.  Furthermore, the Court's previous Orders made it clear that Dr. Hoover was to be physically present at the Office of the United States Attorney for the deposition.  Dr. Hoover filed numerous documents regarding her scheduled deposition prior to August 30, 2011, but she never requested that her deposition be conducted by telephone or at another venue prior to August 30, 2011.  Rather, by her statements in her filings, she made it quite clear that she never intended to attend her deposition.  See Exhibits 6 and 8 attached to this Motion.

      18.     The United States of America has acted in good faith in the discovery process in this civil forfeiture action.  However, Dr. Hoover did not appear at her deposition, despite the Court's order compelling her to do so.

      19.     Dr. Hoover's failure to attend her scheduled deposition on two separate occasions, her failure to obey the Court's orders compelling her to attend her deposition, and her baseless

assertions that the Court has no authority to require her to attend her deposition clearly constitute bad faith, and, therefore, the United States is entitled to the imposition of sanctions against Dr. Hoover. In addition, the United States has been unfairly prejudiced by Dr. Hoover's failure to appear at her scheduled deposition because her refusal to appear has deprived the United States of meaningful discovery regarding relevant information concerning her claim asserted in this civil forfeiture action, and the United States has incurred expenses for having a court reporter appear for the scheduled depositions. Moreover, strong sanctions are necessary due to Dr. Hoover's complete disregard of the Court's previous Orders and to deter others who might engage in the complete refusal to comply with discovery orders in other cases before this Court. Finally, it is clear that less drastic sanctions will not be successful in this civil forfeiture action as Dr. Hoover has made it clear that she will never attend a deposition scheduled in this civil forfeiture action.

20. Federal courts have long recognized that depositions can be taken in civil forfeiture actions. See U.S. v. Zucker, 161 U.S. 475 (1896) (reversing decision of lower court which had prohibited use of deposition in a civil forfeiture proceeding; Supreme Court held that depositions in civil forfeiture actions were entirely appropriate). In addition, Fed.R.Civ.P. 37 is available in civil forfeiture actions to remedy discovery violations, including the failure to appear at a scheduled deposition. See U.S. v. One 1987 BMW 325, 985 F.2d 655, 660 (1st Cir. 1992). The failure of a claimant to obey notices and court orders requiring depositions in a civil forfeiture actions can result in discovery sanctions under Fed.R.Civ.P. 37 in a civil forfeiture action, including the dismissal of the claimant's claims. See U.S. v. One 1999 Forty Seven Foot Fountain Motor Vessel, 240 F.R.D. 695 (S.D.Fla. 2007); U.S. v. United States Currency In

Amount of $600,341.00, 240 F.R.D. 59 (E.D.N.Y. 2007).

21. Dr. Hoover has no legitimate basis to refuse to submit to a deposition in this civil forfeiture action. The record is clear that Dr. Hoover has flagrantly disobeyed the Court's discovery orders and has taken every opportunity to frustrate the discovery process in this civil forfeiture action. Since the Court warned Dr. Hoover of the harsh potential sanctions which could be imposed against her for refusing to appear for her scheduled deposition, she cannot deny that she was fully and properly notified of the consequences of her refusal to appear for her deposition. Under the facts of this civil forfeiture action, the United States is entitled to the imposition of harsh sanctions against Dr. Hoover, including the entry of default judgment against her, the imposition of an assessment for costs against Dr. Hoover for expenses in connection with the scheduling of her deposition, the imposition of costs for a reasonable attorney's fee for having to bring this Motion and the previous Motion To Compel, and the imposition of other appropriate sanctions under Fed.R.Civ.P. 37. See Mutual Federal Savings & Loan Association v. Richards & Associates, Inc., 872 F.2d 88 (4th Cir. 1989); Robinson v. Yellow Freight System, 132 F.R.D. 424 (W.D.N.C. 1990); Buckeye Insurance Co. v. Boggs, 109 F.R.D. 420 (S.D.W.Va. 1986).

Accordingly, the United States of America requests the following relief pursuant to Fed.R.Civ.P. 37:

    A.    That the Court enter an order rendering default judgment against Katherine Anne Hoover, M.D., in this civil forfeiture action and dismissing her claim to the monetary funds which are involved in this civil forfeiture action;

    B.    That the Court award costs to the United States and require Katherine Anne

Hoover, M.D., to reimburse the United States the sum of $217.70 for court reporting fees and transcript expenses for her failure to appear at the depositions scheduled on July 12, 2011, and August 30, 2011, because her failure to appear for those depositions was not substantially justified (see Exhibit 12 attached to this Motion For Sanctions);

C. That the Court order that any such award of costs be deducted from any sums yet to be paid by the United States Marshal from monetary amounts involved in Civil Action No. 2:11-0101;

D. That the Court enter an order designating the facts set forth in the Verified Complaint be taken as established for the purposes of this civil forfeiture action;

E. That the Court enter an order prohibiting Katherine Anne Hoover, M.D., from opposing the claims of the United States in this civil forfeiture action;

F. That the Court enter an order prohibiting Katherine Anne Hoover, M.D., from introducing any further matters into evidence in this civil forfeiture action;

G. That the Court enter an order striking all of the pleadings, including Katherine Anne Hoover, M.D.'s verified response to the Verified Complaint (ECF No. 20);

H. That the Court enter an order holding Katherine Anne Hoover, M.D., in contempt, and that any monetary penalty or fine relating to such contempt be deducted from any sums yet to be paid by the United States Marshal from monetary amounts involved in Civil Action No. 2:11-0101;

I. That the Court enter an order precluding Katherine Anne Hoover, M.D., from being deposed, providing a sworn statement, or testifying in any action in which

    the United States is a party or has a legal interest until the United States has had an opportunity to take her deposition in an *ex parte* manner; and

J. Such other and further relief as the Court deems appropriate.

        **Respectfully submitted,**

        **R. BOOTH GOODWIN II**
        **United States Attorney**

        **s/Fred B. Westfall, Jr.**
        WV State Bar No. 3992
        Assistant United States Attorney
        Attorney for United States
        P.O. Box 1713
        Charleston, WV  25326
        Phone: 304-345-2200
        Fax: 304-347-5443
        E-mail: fred.westfall@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               CIVIL ACTION NO. 2:10-1087
                                 Judge John T. Copenhaver, Jr.

$88,029.08, MORE OR LESS,
IN UNITED STATES CURRENCY,

        Defendant.

(Katherine Anne Hoover, M.D. and
John F. Tomasic, interested parties;
no pending federal charges)

**CERTIFICATE OF SERVICE**

      I electronically filed the foregoing "**MOTION OF THE UNITED STATES OF AMERICA UNDER FED.R.CIV.P. 37 AND OTHER APPLICABLE FEDERAL LAW FOR SANCTIONS TO BE IMPOSED AGAINST KATHERINE ANNE HOOVER, M.D., FOR HER FAILURE TO APPEAR FOR HER COURT-ORDERED DEPOSITION**" with the Clerk of Court using the CM/ECF system this 1st day of September, 2011, and I hereby certify that service was made this day, by Federal Express International to the following:

        Katherine Anne Hoover, MD and John F. Tomasic
        c/o Dr. Norman Gay
        N-3222
        247 West Bay Street
        Nassau, N.P.   Bahamas

                                  **s/ Fred B. Westfall, Jr.**
                                  Assistant United States Attorney