EXHIBIT 11

ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

* * *

UNITED STATES OF AMERICA,
      Plaintiff,

v.                      CASE NO. 2:10-CV-01087

$88,029.08, MORE OR LESS,
IN UNITED STATES CURRENCY,
      Defendant.

Katherine Anne Hoover and
John F. Tomasic,
      Interested Parties
      (No pending criminal charges).

      The proceedings for the deposition of

**KATHERINE ANNE HOOVER** scheduled in the above-entitled

action, before Karon L. Vorholt, a Certified Court

Reporter and Notary Public within and for the State of

West Virginia, on the 30th day of August 2011, to

commence at 10:00 a.m., at the Office of the United

States Attorney, 300 Virginia Street, East, Robert C.

Byrd United States Courthouse, Room 4000, Charleston,

West Virginia, pursuant to notice.

*Karon L. Vorholt, CCR*
*DeMuth Court Reporting, LLC*
*Certified Court Reporters*
*Post Office Box 701*
*Dunbar, West Virginia 25064*
*304.766.8708*

2

APPEARANCES:   FRED B. WESTFALL, JR.
               Assistant United States Attorney
               Office of the United States Attorney
               300 Virginia Street, East
               Robert C. Byrd United States Courthouse
               Room 4000
               Post Office Box 1713
               Charleston, West Virginia  25326

3

<u>I N D E X</u>

PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . 4-10

<u>E X H I B I T S</u>

MARKED

<u>HOOVER EXHIBITS</u>

No. 1,  Letter Dated August 29, 2011,
        with Attached "Activity Report"          7

No. 2,  Four-page Order and Notice Dated
        August 12, 2011                          7

No. 3,  Four-page Order Dated
        August 25, 2011                          8

Reporter's Certificate . . . . . . . . . . . . . . 11/12

4

1          MR. WESTFALL:   Today is August 30, 2011.

2      It's approximately 10:00 a.m.

3              We are here for Katherine Anne Hoover,

4      M.D.'s deposition as ordered by the Court pursuant

5      to a previous order entered on August 12, 2011.

6      And also reinforced by a further Court order of

7      August 25, 2011.

8              I received a -- or excuse me.   Our

9      office received a fax last night after

10     nine o'clock according to our fax machine.

11             We received a fax from Dr. Hoover

12     regarding the deposition.

13             It did not indicate that she intended to

14     appear for the deposition today.   And I'll make a

15     copy of that letter, with a copy of the fax

16     receipt, as Exhibit No. 1.

17             We also received a telephone call from

18     Dr. Hoover at about 9:35 this morning.

19             In that telephone call, which came

20     through our general switchboard at the office,

21     Dr. Hoover called and specifically asked the

22     operator to direct her telephone call to go to my

23     Voice Mail.

5

1          And she did not ask to speak to me.  She

2     specifically asked to be directed to my

3     Voice Mail.

4          In the Voice Mail message which she left

5     for me, she indicated a phone number where I could

6     call her.  The phone number apparently is in the

7     Bahamas.

8          I attempted to make contact using that

9     telephone number.  But we were unable to do so

10    because our phones are restricted.  We cannot make

11    International calls.

12         Nevertheless the fact is Dr. Hoover

13    did not appear for her deposition in

14    West Virginia, at our office, as directed by the

15    previous orders of the Court.

16         She is not physically present here for

17    her deposition today.  And her deposition will not

18    be able to be completed practically without her

19    presence, because we'd be unable to question her

20    regarding various documents concerning the case.

21         Accordingly since we could not make

22    telephone contact with her at the number which she

23    gave, which apparently is a number based in the

6

1     Bahamas -- and because she's not present here

2     today for the deposition, we're going to conclude

3     this proceeding at this time.  And then take the

4     matter up with the Court.

5                  (WHEREUPON, the proceedings

6                 concluded at 10:08 a.m., and

7                 resumed at 10:12 a.m.)

8       MR. WESTFALL:  For the purposes of completing

9     the record, I'm going to now attach Exhibit

10    No. 1, which is a copy of the fax that I received

11    -- that our office received last night at

12    approximately 9:57 p.m., according to the

13    Activity Report from the fax machine.

14        Just to make sure it's clear, the

15    second page of Exhibit No. 1 is the

16    Activity Report from our fax machine.

17        The only redactions that have been made

18    have been for the telephone numbers for various

19    faxes transmitted to our office during the period

20    accompanied by the report.

21        I will note for the purposes of the

22    record that the last entry on the Activity Report

23    is the fax we received from Dr. Hoover.  Again, it

7

1    was last night at 9:57 p.m.

2              There was no phone number on the

3    Activity Report for the fax.  That number had been

4    blocked out by someone.

5              So all we have is just the time entry,

6    showing that it's one page and the length of the

7    time that it took for it to be faxed.  And so

8    that's Exhibit No. 1.

9                        (WHEREUPON, the letter dated

10                       August 29, 2011, with attached

11                       "Activity Report" was marked for

12                       identification as Hoover Exhibit

13                       No. 1 and hereto attached.)

14        MR. WESTFALL:  Exhibit No. 2 is a copy of an

15   Order entered on August 12, 2011 by United States

16   Magistrate Mary Stanley which indicated that

17   Dr. Hoover was to be physically present at our

18   office today at ten o'clock for her deposition.

19                       (WHEREUPON, the four-page

20                       Order and Notice dated August 12,

21                       2011 was marked for identification

22                       as Hoover Exhibit No. 2 and hereto

23                       attached.)

8

1        MR. WESTFALL:  And Exhibit No. 3 is an order

2    entered on August 25, 2011 by Judge Copenhaver,

3    which also indicated that Dr. Hoover was to be

4    physically present at her deposition today here in

5    our office.

6                    (WHEREUPON, the four-page

7                    Order dated August 25, 2011 was

8                    marked for identification as Hoover

9                    Exhibit No. 3 and hereto attached.)

10        MR. WESTFALL:  And those are the three

11    exhibits to the deposition.

12            Again, we attempted to make telephone

13    contact with Dr. Hoover.  But we are unable to

14    contact her in the Bahamas due to the phone

15    restrictions in our office.

16            But nevertheless she is not physically

17    present here today for her deposition.

18                    (WHEREUPON, the proceedings

19                    concluded at 10:15 a.m., and

20                    resumed at 10:21 a.m.)

21        MR. WESTFALL:  As I mentioned before, we did

22    receive a telephone call from Dr. Hoover this

23    morning.  She directed our receptionist to have it

9

1    placed directly into my Voice Mail, as opposed to

2    having the operator send the call to me directly.

3           Dr. Hoover specifically requested that

4    the call go to my Voice Mail.

5           And now we're going to play the

6    Voice Mail for the purposes of the record, so that

7    the Court will have a record of what Dr. Hoover

8    said in the Voice Mail.

9           "Good morning, Fred.  I'm calling to

10   make sure that you got my letter.

11          I am available by phone at

12   (242) 322-1191.  This is Dr. Katherine Hoover.

13   Bye-bye."

14          Based upon that Voice Mail, we made

15   two telephone calls.

16          The first call which we made this

17   morning was to (242) 328-4014, which is a

18   telephone number that Dr. Hoover had on the letter

19   which she faxed to us at 9:57 last night.

20          Again we're restricted, and unable to

21   make an International call.  And apparently this

22   was a phone number in the Bahamas, so we could not

23   make contact.

10

1          We also called the number in the

2     Voice Mail (242) 322-1191.  And, again, we

3     received an indication that we could not make the

4     telephone call, that our office was restricted

5     because it was an International call.

6          So we could not make contact with

7     Dr. Hoover by telephone at either number.

8          Again, Dr. Hoover's presence was ordered

9     by the Court at this deposition.  She was to be

10    physically present.

11         And it is not feasible to depose her

12    without her being physically present due to the

13    various documents that would have to be discussed

14    during the course of the deposition.

15         And we will retain the Voice Mail, if

16    the Court should like to hear it personally.  But

17    we have played it so it could be transcribed and

18    made part of the record.

19                   (WHEREUPON, the proceedings

20                   were concluded at 10:25 a.m.)

21

22

23

11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

STATE OF WEST VIRGINIA,

COUNTY OF KANAWHA, to-wit:

I, Karon L. Vorholt, a Certified Court
Reporter and Notary Public within and for the
county and state aforesaid, duly Commissioned and
qualified, do hereby certify that the foregoing
proceedings were taken by me and before me at the
time and place and for the purpose specified in
the caption hereof.

I do further certify it was transcribed under
my direction and supervision, and this is a true
record of the proceedings.

I do further certify that I am not connected
by blood or marriage with any of the parties to
this action, am not a relative or employee or
attorney or counsel of any of the parties, nor am
I a relative or employee of such attorney or

12

counsel or financially interested in the action or interested directly or indirectly in the matter in controversy.

Given under my hand this 30th day of August 2011.

*Karen L. Vorholt*

Notary Public

My commission expires March 2, 2018.



OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
KARON L. VORHOLT
451 PIONEER LANE
CHARLESTON, WV 25312
My Commission Expires Mar. 2, 2018

EXHIBIT
Hoover-1
8-30-11  KV

**KATHERINE A. HOOVER MD**
c/o Dr. Norman Gay
N-3222
West Bay Medical Clinic
West Bay Street
Nassau, N.P., Bahamas
242-328-4014

August 29, 2011

AUSA Fred Westfall
United States' Attorney's Office for the
Southern District of West Virginia
300 Virginia St. East
Suite 4000
Charleston, West Virginia 25301

Dear Mr. Westfall:

Re:  2:10-cv-1087 and the requested deposition of Dr. Hoover

I received your notice of deposition today.  Things have been chaotic with Hurricane Irene and other personal challenges.  I sent a Motion to the Court regarding my Fifth Amendment rights.  From my research, subpoenas are only valid for the fifty contiguous states.

Since Judge Copenhaver ruled on Subject Matter jurisdiction, we will file an Interlocutory appeal with the Fourth Circuit within the required thirty days and request a stay of all proceedings.  We certainly believe that Judge Copenhaver has misinterpreted the evidence supporting the control of medical practice within the States and the medical community.  The current vendetta against doctors will result in more crime, more suffering and more deaths.  The sensible approach would be to drop your misguided criminal investigation against me and the medical practice formerly located in Williamson and work on a plan that will improve Southern West Virginia. Putting more people in jail solves nothing and causes great suffering; putting more people to work improves everything.  That was our goal for all of our patients and we succeeded with many.

Sincerely,

Katherine A. Hoover MD

Katherine A. Hoover MD

```
***************************
***   ACTIVITY REPORT   ***
***************************
```

| ST. TIME | CONNECTION TEL | CONNECTION ID | NO. | MODE | | PGS. | RESULT | |
|---|---|---|---|---|---|---|---|---|
| *08/29 14:22 | | | 0571 | TRANSMIT | ECM | 10 | OK | 03'2 |
| *08/29 15:01 | | | 8483 | AUTO RX | ECM | 3 | OK | 00'4 |
| *08/29 15:05 | | | 0572 | TRANSMIT | | 0 | NG | 00'0 |
| *08/29 15:06 | | | | | | 0 | STOP | |
| *08/29 15:29 | | | 0573 | TRANSMIT | ECM | 3 | OK | 00'3 |
| | | | 8484 | AUTO RX | G3 | 0 | NG | 00'4 |
| *08/29 15:32 | | | | | | 0 | #005 | |
| | | | 8485 | AUTO RX | G3 | 0 | NG | 00'4 |
| *08/29 15:35 | | | | | | 0 | #005 | |
| | | | 8486 | AUTO RX | G3 | 0 | NG | 00'4 |
| *08/29 15:39 | | | | | | 0 | #005 | |
| | | | 8487 | AUTO RX | G3 | 0 | NG | 00'4 |
| *08/29 15:41 | | | | | | 0 | #005 | |
| | | | 8488 | AUTO RX | G3 | 0 | NG | 00'4 |
| 08/29 15:44 | | | | | | 0 | #005 | |
| | | | 8489 | AUTO RX | G3 | 0 | NG | 00'4 |
| 08/29 15:47 | | | | | | 0 | #005 | |
| | | | 8490 | AUTO RX | G3 | 0 | NG | 00'4 |
| 08/29 15:51 | | | | | | 0 | #005 | |
| | | | 8491 | AUTO RX | G3 | 0 | NG | 00'4 |
| 08/29 15:55 | | | | | | 0 | #005 | |
| | | | 8492 | AUTO RX | G3 | 0 | NG | 00'4 |
| 08/29 15:58 | | | | | | 0 | #005 | |
| | | | 8493 | AUTO RX | G3 | 0 | NG | 00'4 |
| 08/29 16:01 | | | | | | 0 | #005 | |
| | | | 8494 | AUTO RX | G3 | 0 | NG | 00'4 |
| 08/29 16:05 | | | | | | 0 | #005 | |
| | | | 8495 | AUTO RX | G3 | 0 | NG | 00'46 |
| 08/29 16:09 | | | | | | 0 | #005 | |
| | | | 8496 | AUTO RX | G3 | 2 | NG | 02'00 |
| 08/29 16:12 | | | | | | 2 | | |
| 08/29 17:16 | | | 8497 | AUTO RX | G3 | 3 | OK | 02'31 |
| 08/29 21:57 | | | 8498 | AUTO RX | ECM | 3 | OK | 01'10 |
| | | | 8499 | AUTO RX | ECM | 1 | OK | 00'46 |



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

UNITED STATES OF AMERICA,

       Plaintiff,

v.                      Case No. 2:10-CV-01087

$88,029.08, MORE OR LESS,
IN UNITED STATES CURRENCY,

       Defendant.

Katherine Anne Hoover and
John F. Tomasic,

       Interested Parties
       (No pending criminal charges).

## ORDER AND NOTICE

Pending before the Court is the Motion of the United States to Compel Katherine Anne Hoover, M.D., to Appear for a Deposition (ECF No. 83), as amended (ECF No. 89). The interested parties filed a response to this motion (ECF No. 94), and the United States filed a reply (ECF No. 95).

As recited in the original Motion to Compel, the United States served an Amended Notice to Take Deposition upon Dr. Hoover, for her appearance in Charleston, West Virginia, at the United States Attorney's Office on July 12, 2011. On July 11, 2011, Dr. Hoover, in a telephone conversation, informed Assistant United States Attorney Westfall that she did not intend to appear for her

deposition on July 12, and on July 12, she did not appear. Dr. Hoover has expressed her opinion that the United States is not entitled to take her deposition because the court lacks subject matter jurisdiction.

The interested parties' response to the government's Motion to Compel, as amended, is to assert, once again, that the court lacks subject matter jurisdiction. The response was probably filed before the interested parties received Judge Copenhaver's Memorandum Opinion and Order entered August 8, 2011.

By Memorandum Opinion and Order entered April 12, 2011 (ECF No. 53), the presiding District Judge rejected the interested parties' repeated and baseless claims that the court lacks subject matter jurisdiction. That ruling was reiterated in the Memorandum Opinion and Order entered August 8, 2011 (ECF No. 93, at 9-13), and the interested parties were warned that "any future challenge to subject matter jurisdiction in this court will be dealt with summarily and perhaps suggest the imposition of appropriate sanctions"). (ECF No. 93, at 13 n.3.)

The government's reply argues that "[s]ince Dr. Hoover has no legitimate basis to refuse to submit to a deposition in this civil forfeiture action, she is not entitled to refuse to participate in the discovery process, particularly to refuse to appear for a deposition." (ECF No. 95, at 2.) The undersigned agrees.

The United States has acted charitably toward Dr. Hoover by

2

moving to compel.  Pursuant to Rule 37(d)(1)(A), Federal Rules of
Civil Procedure, the government could have skipped the motion to
compel and filed a motion for sanctions.  That rule provides as
follows:

> The court where the action is pending may, on motion,
> order sanctions if: (i) a party . . . fails, after being
> served with proper notice, to appear for that person's
> deposition . . ..

Rule 37(d)(3) specifies the types of sanctions which may be imposed
for failing to appear for a deposition.  In addition to an order
requiring the person "to pay the reasonable expenses, including
attorney's fees, caused by the failure," the court may impose any
of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi).

It is hereby **ORDERED** that the Motion to Compel, as amended, is
granted, and it is further **ORDERED** that interested party Katherine
Anne Hoover, M.D. shall appear at the office of the United States
Attorney, 300 Virginia Street East, Room 4000, Charleston, West
Virginia, on Tuesday, August 30, 2011, at 10:00 a.m., Eastern
Daylight Time, and shall testify at her deposition in this action,
pursuant to the provisions of Rule 30, Federal Rules of Civil
Procedure.

Interested party Katherine Anne Hoover, M.D. is hereby placed
on **NOTICE** that should she fail to appear and testify as ordered,
she will be subjecting herself to the imposition of sanctions, as
specified in Rule 37, which may include one or more of the
following:

1.  Entry of an order requiring her to pay the reasonable expenses, including attorney's fees, caused by her failure to appear on July 12, 2011 and August 30, 2011;

2.  Entry of an order that designated facts (such as those set forth in the Verified Complaint of Forfeiture) be taken as established for purposes of the action;

3.  Entry of an order prohibiting Katherine Anne Hoover, M.D. from opposing the claims of the United States;

4.  Entry of an order prohibiting Katherine Anne Hoover, M.D. from introducing designated matters in evidence;

5.  Entry of an order striking pleadings in whole or in part, such as Katherine Anne Hoover's verified response to the complaint (ECF No. 20);

6.  Entry of an order staying further proceedings until the order is obeyed;

7.  Entry of an order rendering default judgment against Katherine Anne Hoover;

8.  Entry of an order treating as contempt of court the failure to obey this Order granting the Motion to Compel, as amended.

The Clerk is directed to transmit this Order to counsel of record and to provide a copy to the Interested Parties Hoover and Tomasic via fax transmission to 242-328-4014 or, alternatively, by Federal Express.

ENTER: August 12, 2011

Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge

4



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

      Plaintiff

v.                                    Civil Action No. 2:10-1087
                                      (Lead action)

$88,029.08, More or Less,
in United States Currency,


<u>ORDER</u>


      The court has received today the filing by interested

parties Katherine A. Hoover, M.D., and John F. Tomasic styled

"NOTICE REGARDING FIFTH AMENDMENT ('notice')."


      The notice appears to offer a putative blanket

invocation of Dr. Hoover's Fifth Amendment privilege in an

attempt to excuse her from appearing at her upcoming deposition.

Dr. Hoover asserts that, in light of her attempted invocation,

she "will not be present for any deposition scheduled by the

United States Attorney . . . ."  (Not. at 1).


      The court of appeals addressed a similar situation in

<u>North River Ins. Co., Inc. v. Stefanou</u>, 831 F.2d 484 (4th Cir.

1987).  In <u>Stefanou</u>, defendant Stefanou and his client Edward

Markowitz were alleged by the plaintiff insurer to have conspired

to create more than $500,000,000.00 in fraudulent tax deductions

for investors.  The plaintiff insurer asserted that they then

been improperly invoked and granted the plaintiff insurer's

motion.

In affirming that ruling, the court of appeals observed

as follows:

> The privilege against self-incrimination, one of
> our most cherished fundamental rights, is jealously
> guarded by the courts. It protects an individual not
> only from involuntarily becoming a witness against
> himself in a criminal proceeding but also from
> answering specific allegations in a complaint or filing
> responses to interrogatories in a civil action where
> the answers might incriminate him in future criminal
> actions. But for one to invoke this privilege the party
> claiming it must not only affirmatively assert it, he
> must do so with sufficient particularity to allow an
> informed ruling on the claim. Under the circumstances
> of this case, a blanket refusal to answer or respond
> was not sufficient.
>
> Stefanou incorrectly argues that the district
> court erred in failing to pierce his blanket assertion
> of privilege to determine its relative merits. A party
> wishing in good faith to assert the privilege must do
> so "with respect to particular [allegations]," thereby
> allowing the trial judge to determine the propriety of
> each refusal.  <u>The privilege also may be asserted and
> preserved in the course of discovery proceedings,
> Fed.R.Civ.P. 26(c), but in specifics sufficient to
> provide the court with a record upon which to decide
> whether the privilege has been properly asserted as to
> each question</u>.

<u>Id.</u> at 486-87 (emphasis added)(citations omitted); <u>see also</u> 8

Charles A. Wright <u>et al.</u>, <u>Federal Practice and Procedure</u> § 2018

(3rd ed. elec. 2011) ("If a deposition is sought, the

_____

please state your name for the record."  (Not. at 1).

availability of the privilege is not a ground for vacating the notice of the deposition. The proper procedure is for the deponent to attend the deposition, to be sworn under oath, and to answer those questions he or she can answer without running a risk of incrimination. In this way a record can be made and the court can determine whether particular questions asked did entitle the deponent to claim the privilege.") (footnote omitted).

Dr. Hoover's blanket assertion prevents the court from making an informed ruling on her claim. It is, accordingly, ORDERED that Dr. Hoover appear at her deposition as directed by previous orders of the court, invoke the privilege in the manner she wishes, and consequently make a sufficient record on the matter in the event further development becomes necessary.

The Clerk is directed to forward copies of this order to (1) all counsel of record via the CM/ECF system, and (2) any unrepresented parties by facsimile and priority overnight delivery.

DATED: August 25, 2011

John T. Copenhaver, Jr.
United States District Judge

4