UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA



United States of America,
    Plaintiff,
v
$88,029.08
    Defendant.
John F. Tomasic and
Katherine A. Hoover MD, owners

Case No.: 2-11-cv-1087

## MOTION TO STRIKE FINDINGS OF FACT AND CONCLUSIONS OF LAW BY MAGISTRATE STANLEY ON DECEMBER 30, 2011

Now come John F. Tomasic and Katherine A. Hoover, pro se, and request that the recommended Order filed by Magistrate Stanley be struck because Magistrate Stanley disavowed the response from the Claimants. The Claimants request an extension of time to file a more definitive response if the Court does not strike Magistrate Stanley's Proposed findings.

## HISTORY OF THE CASE

John F. Tomasic and Katherine A. Hoover MD have been married for thirty-five years and have maintained joint bank accounts. WesBanco Account xxxx7905 was a joint bank account which means that both parties have complete control of the assets in that account. John F. Tomasic had the check made out to him from his share of the law suit settlement for the murder of their son Michael Tomasic by the guards at North Central Regional Jail in Doddridge county, West Virginia deposited in the joint account by his wife. After the check was deposited, Katherine A. Hoover needed money to settle her uncle's estate. Dr. Hoover asked her husband if she could borrow sufficient money from his share of the law suit to make up the difference between the money in the account and the $150,000.00. John F. Tomasic agreed to the loan. Legally the money was jointly held and Dr. Hoover was not required to have consent from her husband. However, they entered into a verbal contract that Dr. Hoover would repay her husband sufficient funds to from her checks paid to her for her work as an independent contractor in Williamson, WV. John F. Tomasic deposited $22,000.00 dollars from his mother's estate into that account as well. No checks were written by John F, Tomasic. The money deposited into WesBanco xxxx7905 by Dr. Hoover was repayment to her husband for the loan he made to her. The standard for the government to prove that assets may be forfeited is clear and convincing and the interested parties are protected by the Eighth Amendment against excessive fines as well as the due process requirements of the Fourth Amendment. This is a illegal attempt to obtain jurisdiction.

## VERIFICATIONS

The interested parties have attached notarized verifications to this Motion that verify all of the pleadings that have been filed, the current pleading and all future pleadings. Since the interested parties are proceeding pro se, the Claimants are under a duty to be truthful. The Courts have allowed law enforcement to lie in

certain circumstances, so logically when a law enforcement officer is telling the truth, he or she would need to verify that. The US attorney should have given a Brady notice regarding James Lafferty because he filed a false affidavit in order to begin the in rem proceeding against the Claimants $27,671.50 in Case No.: 2-11-cv-0101 which has been consolidated with this case. James Lafferty filed a second false affidavit regarding the $88,029.08 claiming that he was privy to the contract between the Claimants. Magistrate Stanley has a definite bias for law enforcement even after AUSA Betty Pullin admitted that the $27,671.50 was illegally seized. AUSA Pullin had lied by claiming that the interested parties had not filed verified responses and had the case illegally dismissed. Judge Copenhave rruled that there were verified responses filed. The United States attorney is also obligated to file notice that Monica Schwartz has been allowed to resign, upon information and belief. The action against Ms. Schwartz was taken because she lied about threatening Dr. Victor Teleron to force him to sign a plea agreement. Ms. Schwartz also threatened Dr. Hoover.

## DISCUSSION OF ASSETS

John F. Tomasic had a joint account with his wife, Katherine A. Hoover MD in which he had deposited over $200,000.00. This money shall be returned to him forthwith along with the $27,671.50 that has been ORDERED to be returned. Mr. John Tomasic at all times had a joint account with his wife, Katherine A. Hoover MD. Mr. Tomasic deposited his share of the proceeds from the lawsuit against North Central Regional Jail in to WesBanco account xxxx7905. In United States v. James Daniel Good Real Property 114 S.Ct 492 (1993), "(c) No plausible claim of executive urgency, including the Government's reliance of forfeitures as a means of defraying law enforcement expenses, justifies the summary seizure of real property under 881(a)(7)." The current case involves the summary seizure of joint assets that were legally acquired. The United States Constitution protects its citizens against illegal search and seizure. The statements made by James Lafferty in his affidavit have been successfully disputed by the verified claims of the interested parties. The loan by Mr. Tomasic was demonstrated when the bank records were made available to the interested parties by AUSA Betty Pullin. The government does not have the authority to interfere with a private contract by seizing that money from their joint account. The federal government is guilty of extortion of John F. Tomasic's money. The proposed order written by Magistrate Stanley shows no remorse for the death, pain and suffering that she caused. Magistrate Stanley is not fit to be a judge and judge the assets belonging to John F. Tomasic.

WHEREFORE, the Claimants request that the Proposed Order of December 30, 2011 be struck and all money returned forthwith. The interested parties request an extension until February 2, 2012 to file any further response to the Motion for Summary Judgment as to the Interests of John F. Tomasic.

Respectfully submitted,

*/s/ John F. Tomasic*
John F. Tomasic

*/s/ Katherine A. Hoover MD*
Katherine A. Hoover MD

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston, West Virginia

United States of America,
    Plaintiff,
v                                                  Civil Action No.: 11-cv-1087

$88,029.08

Katherine A. Hoover and
John F. Tomasic interested parties.

### VERIFICATION

    I, John F. Tomasic, having been duly sworn, do hereby verify that all of the pleadings filed in 11-cv-1087 are true and correct to the best of my ability except where it is stated upon information and belief and that I believe to be true.

_____
John F. Tomasic

NOTARY: _Broward_ county, Florida

Now comes John F. Tomasic on ____January 2012 and swears and affirms that the pleadings filed in the above referenced case are true and correct.

_____, Notary



CARMEN DEPINA
MY COMMISSION # EE 29805
EXPIRES: September 26, 2014

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston, West Virginia

United States of America,
Plaintiff,
v                                                                Case No.: 11-cv-1087

$88,029.08

Katherine A. Hoover and
John F. Tomasic, interested parties.

## VERIFICATION

I, Katherine A. Hoover, having been duly sworn, do hereby verify that all of the pleadings filed in 11-cv-1087 are true and correct to the best of my ability except where it is stated upon information and belief and that I believe to be true.

_Katherine A. Hoover_
Katherine A. Hoover

NOTARY: __Broward__ county, Florida

Now comes Katherine A. Hoover on 10th January 2012 and swears and affirms that the pleadings filed in the above referenced case are true and correct.

_____, Notary



CARMEN DEPINA
MY COMMISSION # EE 2980...
EXPIRES: September 26, 2014

## CERTIFICATE OF SERVICE

I, John F. Tomasic, do hereby certify that a true and correct copy of the Verifications by John F. Tomasic and Katherine A. Hoover and Motion to Strike Findings of Fact and Conclusions of Law by Magistrate Stanley on December 30, 2011 have been sent by United States mail to Assistant US attorney Betty Pullin PO Box 1713 Charleston, WV 25326 on January 10, 2012.

John F. Tomasic
c/o Dr. Norman Gay
N-3222
West Bay Medical Clinic
West Bay Street
Nassau, N.P., Bahamas
242-328-4014