```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA,**

       Plaintiff

v.                                     Civil Action No. 2:10-1087

$88,029.08, More or Less,
in United States Currency,

       Defendant

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is the motion filed November 22, 2011, by interested parties Katherine A. Hoover, M.D., and John F. Tomasic styled as a "MOTION TO DETERMINE COMPETENCE OF JUDGE COPENHAVER" ("motion to determine competency") and the United States' motion to strike the motion to determine competency and for sanctions ("motion to strike and for sanctions"), filed November 23, 2011.

The movants reference the November 9, 2011, memorandum opinion and order addressing their "MOTION TO REQUIRE COMPETENT ARTICLE III JUDGE AND REMOVE MAGISTRATE MARY STANLEY" ("motion for removal"). That portion of the motion for removal directed to the undersigned reflected the interested parties' dissatisfaction with an earlier, September 9, 2011, order denying their

request for interlocutory certification of an even earlier ruling by the court. As stated in the September 9, 2011, memorandum opinion, and reiterated in the November 9, 2011, memorandum opinion:

> The court of appeals has observed that section 1292(b) "should be used sparingly . . . ." Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989).
>
> The proposed subject of the appeal does not constitute a "controlling question of law as to which there is substantial ground for difference of opinion . . . ." Id. § 1292(b). The court, accordingly, ORDERS that the motion to certify be, and it hereby is, denied.

(Sept. 9 Memo. Op. at 2; see also Nov. 9 Memo. Op. at 3). Interlocutory certification was unauthorized by controlling circuit precedent. There is thus no basis to challenge either the September 9 or November 9, 2011, memoranda opinions. Any derivative assertion respecting the court's fitness is thus not well taken.

Inasmuch as there is lacking any basis for the relief requested by the interested parties, the court ORDERS that the motion to determine competency be, and it hereby is, denied.

Respecting the United States' motion to strike and for sanctions, it is stated in support, inter alia, as follows:

> The claimants' Motion is just another in a long line of pleadings in which the claimants have completely disrespected this Court and continuously flaunted the authority of this Court's rulings.

2

> . . . .
>
> The long track record of the claimants' conduct in this civil forfeiture action clearly indicates that the Court should take strong action against the claimants because their insulting, disrespectful, vexatious, and scurrilous conduct seems to know no bounds and now has reached a new low.

(Mot. to Strike and for Sancs. at 1, 2).

The United States' requests are not without merit. Our court of appeals observed as much just this week:

> [W]e feel compelled to note that advocates . . . do themselves a disservice when their briefs contain disrespectful or uncivil language directed against the district court, the reviewing court, opposing counsel, parties, or witnesses.

United States v. Venable, No. 11-4216, --- F.3d ---, ---, slip op. at 18 n.4 (4th Cir. Jan. 18, 2012) (and citing and quoting, in part, Dranow v. United States, 307 F.2d 545, 549 (8th Cir. 1962) ("In light of the too numerous decisions of this and other Courts of Appeals, it should not be necessary for us to repeat, [a] brief should not contain language disrespectful to the court nor to opposing counsel and ordinarily a brief containing such scurrilous and scandalous matter should be stricken from the files.") (internal quotations omitted)).

Nevertheless, the better course, at this point, is to permit the pro se interested parties a bit of leeway. At

3

bottom, the misguided and regrettable animosity they have demonstrated has its roots in their misunderstanding of the settled law respecting appellate jurisdiction.  The court thus deems a striking or sanctions order unnecessary.  It is, accordingly, ORDERED that the motion to strike and for sanctions be, and it hereby is, denied.

      The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

      DATED: January 20, 2012

      _____
      John T. Copenhaver, Jr.
      United States District Judge