UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            CIVIL ACTION NO. 2:10-1087
                                              (Lead Action)

$88,029.08, MORE OR LESS,
IN UNITED STATES CURRENCY,

    Defendant

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            CIVIL ACTION NO. 2:11-0101
                                              (Consolidated action)

$27,671.50, MORE OR LESS,
IN UNITED STATES CURRENCY,

    Defendant.

MEMORANDUM OF LAW IN SUPPORT OF
UNITED STATES MOTION FOR
CERTIFICATE OF REASONABLE CAUSE

I.     Statement of the Case:

On or about February 25, 2010, United States Magistrate Judge Mary E. Stanley issued several search and seizure warrants with regard to an investigation being jointly conducted by several federal, state and local law enforcement agencies into the unlawful distribution of prescription medication by various individuals associated with the Mountain Medical Care Clinic in Williamson, Mingo County, West Virginia, including but not limited to Dr. Katherine A. Hoover. One of the seizure warrants issued by Magistrate Judge Stanley authorized the seizure

of proceeds on deposit in the Wesbanco checking and savings account nos. XXXXXXX3002 and XXXXXXX7905, up to the total sum of $4,604,565.00. (See Govt. Ex. A, Seizure Warrant, Case No. 2:10-mj-00029).[1]

On February 11, 2011, the United States filed the Verified Complaint of Forfeiture against the $27,671.50 seized from Wesbanco Savings Account No. XXXXXXX3002 (Civil Action No. 2:11-0101), after Dr. Hoover filed a claim with the FBI in the administrative forfeiture proceeding. 18 U.S.C. §§ 983(a)(2) and (a)(3). To establish the forfeiture basis for the currency, the Verified Complaint alleged that a federal seizure warrant had been executed on the Wesbanco savings account and that Dr. Hoover's primary if not sole source of income since at least 2004 was from her employment as a staff physician with the clinic. (See, ¶¶ 8(F) and 14 of Verified Complaint, Civil Action No. 2:11-0101).

Since the currency was already in the possession of the government at the time the complaint was filed, the Clerk of the Court (and not a judge) issued the Warrant of Arrest in rem, pursuant to Rule G(3)(b)(i), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. See also, ¶¶ 3 and 6 of the Verified Complaint.

On April 8, 2011, the United States immediately filed a motion to dismiss the complaint in Civil Action No. 2:11-0101 after receiving additional records from Wesbanco on April 5, 2011, which revealed the monies were a "gift" from the Hoover Trust, deposited on March 12, 2004, and were not traceable to Dr. Hoover's association with the Mountain Medical Care Clinic. For ease of reference, the United States incorporates herein the allegations contained within its motion to dismiss filed on April 4, 2011 (Govt. Ex. B).

---

[1] The Wesbanco savings account was jointly held by Dr. Hoover and her husband, John Tomasic.

Also, on April 8, 2011, the United States filed a motion for the issuance of a Certificate of Reasonable Cause regarding the proposed dismissal of the $27,671.50. The court's memorandum opinion issued on August 8, 2011, after Civil Action Nos. 2:11-0101 and 2:10-1087 were consolidated, granted the government's motion to dismiss, directed the return of the $27,671.50, and deferred ruling on the government's motion for a Certificate of Reasonable Cause until conclusion of the lead action. The government's motion for a Certificate of Reasonable Cause was denied without prejudice. (ECF 93, pp. 5-6).

On September 9, 2011, the United States files a motion for an order authorizing a brief delay in the release of the $27,671.50 to the claimant (ECF 109), which the court ultimately granted (ECF 158). Under the memorandum opinion entered by the court on September 28, 2012, the government was directed to process the net payment to the parties by October 31, 2012. (ECF 158).

II. The United States had Reasonable Cause to Seize the Proceeds of Wesbanco Savings Account No. XXXXXXX3002, Therefore, Issuance of a Certificate of Reasonable Cause is Appropriate

Title 28, Section 2465(a)(2) provides, in pertinent part, that:

(a) Upon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law--
. . .
(2) if it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate thereof to be entered and, in such case, neither the person who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution, nor shall the claimant be entitled to costs, except as provided in subsection (b).

Courts have consistently held that "reasonable cause" is essentially synonymous with probable cause, often relying on the long-established Supreme Court precedent in Stacey v. Emery, 97 U.S. 642, 646, 24 L.Ed. 2035 (1878). *E.g.*, United States v. One 1986 Ford Pickup, 56 F.3d 1181, 1186 (9th Cir. 1995)); United States v. $16,500 in United States Currency, 48 F.Supp.2d

3

1268, 1274 (D. Ore. 1999); United States v. One DLO Model A/C, 30.06 Machine Gun, 904 F. Supp. 622, 636 (N.D. Ohio 1995); United States v. Parcels of Real Property with the Building, Appurtenances, and Improvements Located at 255 Broadway, 795 F. Supp. 1225, 1230 (D. Mass. 1992), aff'd, 9 F.3d 1000 (1st Cir. 1993); United States v. One Parcel of Real Estate, 864 F. Supp. 1267, 1269 (S.D. Fla. 1994); United States v. All Monies ($637,944.57) in Account No.29-0101-62, 746 F. Supp. 1441, 1444 (D. Hawaii 1990).

The purpose of this provision is to immunize a seizing or prosecuting official from liability where the official had "reasonable cause" to seize property that is later returned to the claimant. 255 Broadway, 795 F. Supp. at 1229 (noting that the "statute has existed, in one form or another, since 1799"). Moreover, "[i]t reflects, at least in part, a concern that officials be able to pursue their duties to seize potentially forfeitable property without the cloud of a future lawsuit or costs dampening their zeal." Id. at 1230. As one court has explained, this policy concern suggests that courts limit their review of the evidence as it existed at the time of the seizure in determining whether there was reasonable cause. Id. at 1230; One Parcel of Real Estate, 864 F. Supp. at 1269 (reasonable cause determined at time of seizure). See also, One DLO Model A/C, 30.06 Machine Gun, 904 F. Supp. at 637-38 (distinguishing between seizure for evidentiary purposes and seizure for forfeiture, holding that reasonable cause under section 2465 is tested as of the time property is seized for forfeiture pursuant to a warrant for the arrest of the property) .

In this action, there was probable cause for the seizure of the proceeds of the Wesbanco account at the time the seizure was made. Based on the information contained within the Application for seizure warrant and supporting Affidavit (copies of which are attached to and incorporated into the United States motion as "Govt. Ex. A"), the magistrate judge made a

4

finding of probable cause that the monies in the account were proceeds derived from criminal activities alleged to have been committed by Dr. Hoover and others associated with the Mountain Medical Care Center and issued the Warrant authorizing the seizure of those funds.

Where the requirement of reasonable cause is met, the statute provides that the court "shall" issue a certificate of reasonable cause. As shown through the attached Application for a seizure warrant and application in support, there was probable cause for the seizure of the account at the time it was made and thus, the government has met the requirements for a certificate under 28 U.S.C. § 2465(a)(2).

Pursuant to 28 U.S.C. § 2465(b), Dr. Hoover and Tomasic should not be awarded reasonable attorney fees and other litigation costs since they appeared pro se and did not reasonably incur any such expenses. Additionally, they should not be awarded prejudgment and post-judgment interest since the United States had a legitimate basis for seizing the currency even though it ultimately agreed to return it.[2]

---

[2] Had criminal charges been filed or pending against Dr. Hoover at or around the time the United States learned that the savings account proceeds were not traceable to the offenses, the defendant currency could have been appropriately identified and retained as a substitute asset for the $4.6 million which the clinic allegedly grossed during 2009, pursuant to 21 U.S.C. § 853(p). Substitute assets may be seized pretrial pursuant to 21 U.S.C. § 853(f). United States v. Martin, 460 F. Supp.2d 669, 677 (D. Md. 2006).

## CONCLUSION

For the above reasons, the United States requests that the court issue a Certificate of Reasonable Cause with regard to the seizure of the $27,671.50 from the Wesbanco savings account.

<div style="margin-left: 50%;">

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

By:    s/Betty A. Pullin
Betty A. Pullin, WV Bar No. 5590
Attorney for the United States
United States Attorney's Office
300 Virginia Street East, Room 4000
Charleston, West Virginia 25301
Telephone: (304) 345-2200
Telefax: (304) 347-5440
Email: betty.pullin@usdoj.gov

</div>